**Allen W. EVANS, Plaintiff,**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Defendant.**

**No. 643.**

United States District Court
E. D. Kentucky,
Catlettsburg.

Feb. 5, 1965.

William C. Kibbey, Grayson, Ky., for plaintiff.

George I. Cline, U. S. Atty., Moss Noble, Asst. U. S. Atty., for defendant.

HIRAM CHURCH FORD, Senior District Judge (serving by designation).

The plaintiff, Allen W. Evans, of Route 3, Morehead, Kentucky, filed his application with the Social Security Administration on October 16, 1962, seeking that he be determined entitled to a period of disability and to disability insurance benefits under the Social Security Act.

The plaintiff exhausted all appropriate administrative procedure without success. Denial of review of the Hearing Examiner's adverse decision by the Appeals Council on January 31, 1964, rendered the decision of the Hearing Examiner, Roleigh Lee Stubbs, of November 4, 1963, the final decision of the defendant, Secretary of Health, Education and Welfare.

On March 6, 1964, plaintiff filed this civil action pursuant to 205(g) of the Social Security Act, 42 U.S.C.A. § 405 (g), for Court review and reversal of the defendant's final decision.

A certified copy of the transcript of record, including the evidence upon which the findings and decision complained of are based, has been duly filed. It shows that the claimant met the special earnings requirements during the effective date of the application and continued to meet such requirements through September 30, 1963.

It appears from the testimony of the plaintiff at a hearing held before the Examiner on October 7, 1963, that plaintiff was born on January 20, 1916; he received practically no education and had no training for a special job and never acquired any particular skill. He engaged only in work as a common laborer; he did farm work until about 1941, when he secured a job at a brick kiln at which he worked for one company for three years and for another company for fourteen years wheeling cinders and coal around the kiln and wheeling finished bricks from the kiln. He later secured a job at a saw mill and worked at stacking lumber. Finally he secured a job with a construction company cleaning up after a completed construction job. When he completed that work in 1961 he was laid off with the promise that he would be called back. He never received the call and secured no other job. It appears from his testimony that in 1939 he suffered a broken shoulder and in 1956 he suffered a serious injury to his left hand, from which he lost the second finger.

To establish his claim that in December 1961 he was disabled within the meaning of the Social Security Act, the plaintiff introduced medical reports from Dr. Everett D. Blair, of Morehead, Ky., dated October 10, 1957, Dr. D. W. Fortune, of Olive Hill, Ky., dated October 28, 1962, and Dr. Harold E. Shufflebarger, of Grayson, Ky., dated April 1963, and July 16, 1963.

None of the above mentioned physicians were specialists and none disclosed any examination or clinical tests upon which they based their conclusions.

The Hearing Examiner carefully summarized their reports and pointed out their lack of probative value in support of plaintiff's claim.

A medical report dated December 6, 1962, was filed by Dr. John Douglas Ruff a full time specialist in internal medicine of Lexington, Ky., which states that plaintiff was examined by Dr. Ruff on December 4, 1962, for complete medical evaluation.

Dr. Ruff reported in detail his extensive clinical examination of the plaintiff, including x-rays and electrocardiogram and reported he found no definite evidence of the plaintiff having any organic disease; that there was very little loss of function to his left hand and there was no indication of injury to his right shoulder. Dr. Ruff noted the loss of his second finger of his left hand but stated his hand had very little loss of function.

The Hearing Examiner concluded that in the light of the entire evidence of rec-

ord "the claimant did not establish that he had impairments, either singularly or in combination, of such severity as to preclude him from engaging in any substantial gainful activity at any time for which his application of October 16, 1962, was effective", and that "the claimant is not entitled to disability insurance benefits or to a period of disability under Sections 223(a) and 216(i) of the Social Security Act, as amended."

■ Despite our natural sympathy for the plight of the plaintiff, we have no power or authority to award unemployment compensation under the guise of disability insurance under the provisions of the Social Security Act here involved. Celebrezze v. O'Brient, 323 F.2d 989, C.A. 5, (1963).

■ The above mentioned findings are supported by substantial evidence and are conclusive.

■ Under these findings, there is no necessity for an administrative showing of gainful work which the plaintiff was capable of doing and the availability of any such work. Ward v. Ribicoff, 309 F.2d 157, C.A. 6, Bradey v. Ribicoff, 298 F.2d 855, C.A. 4, (1962), cert. denied 370 U. S. 951, 82 S.Ct. 1601, 8 L.Ed.2d 817.

It is the opinion of the Court that the final decision of the Hearing Examiner of November 4, 1963, which was affirmed by the Appeals Council of January 31, 1964, and became the final decision of the defendant, is supported by substantial evidence and should be affirmed, and this action, filed by the plaintiff pursuant to § 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), should be dismissed.

■ An order will be entered denying plaintiff's motion for summary judgment and granting the defendant's motion for summary judgment on the ground that there was substantial evidence to support the administrative determination herein. Such findings are conclusive, 42 U.S.C.A. § 405(g), Adkins v. Celebrezze, 330 F.2d 704, C.A. 6, Ward v. Ribicoff, 309 F.2d 157, C.A. 6, and Hall v. Celebrezze, 340 F.2d 608, C.A.6, (decided January 25, 1965).