**Earl WRIGHT, Plaintiff,**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 1659.**

United States District Court
E. D. Tennessee,
Northeastern Division.

Sept. 24, 1965.

J. H. Reddy, U. S. Atty., Chattanooga, Tenn., G. Wilson Horde, Asst. U. S. Atty., Knoxville, Tenn., of counsel, for defendant.

Swingle & Hardin, Greeneville, Tenn., James N. Hardin, Greeneville, Tenn., of counsel, for plaintiff.

NEESE, District Judge.

This is an action for a judicial review of the final decision of the defendant administrator, denying the plaintiff disability benefits under the Social Security Act. It was remanded to the defendant, 42 U.S.C. § 405(g), with directions that the Social Security Administration conduct further proceedings in conformity with the Court's memorandum opinion of February 17, 1964.

Additional hearings were thereafter held, resulting in a final decision of the defendant's appeals council that the plaintiff did not have a medically determinable musculoskeletal impairment of long-continued and indefinite duration which resulted in the plaintiff's inability to engage in any substantial gainful activity during the effective period of his application. Under these findings, there is no necessity for a showing of gainful work which the plaintiff was capable of doing and the availability of any such work. Ward v. Ribicoff, C.A.6th (1962), 309 F.2d 157 [2]; Bradey v. Ribicoff, C.A.4th (1962), 298 F.2d 855, 857 [2], certiorari denied (1962), 370 U.S. 951,

82 S.Ct. 1601, 8 L.Ed.2d 817, cited in Evans v. Celebrezze, D.C.Ky. (1965), 237 F.Supp. 1021, 1023 [3].

 The findings of the defendant's said council are supported by substantial evidence and are, therefore, conclusive. 42 U.S.C. § 405(g); Hall v. Celebrezze, C.A.6th (1965), 340 F.2d 608, 608–609 [2]. The burden of proving his disability herein is on the plaintiff, 42 U.S.C. §§ 416(i) (1) and 423(c) (2); Erickson v. Ribicoff, C.A.6th (1962), 305 F.2d 638, 640 [1], and this is conceded in his brief; yet, the plaintiff refuses to submit to examination which, apparently, is the only means of providing proof of any disability.

The plaintiff's personal physician, Dr. William Templeton, suspects a herniated disc and has repeatedly recommended that the plaintiff undergo a myelogram, without which, according to Dr. Templeton, an absolute diagnosis of disc injury is impossible. While this is a reasonably safe medical procedure by which dye is injected into the spinal canal preparatory to an x-ray examination, and while the plaintiff first agreed to undergo the process, after consulting "headquarters",[1] Mr. Wright began, and continues, a refusal to seek the only evidence, apparently, which might tip the balance of the medical opinion in his favor. Dr. Templeton was of the opinion that, if Mr. Wright had submitted to such examination at the time he first agreed to do so, " * * * he could even be back at work * * *".

" * * * (A) remediable ailment cannot be the basis of a claim under the [Social Security] Act. 20 C.F.R. 4021.-1502(g) [2]. Title 42 U.S.C. * * * § 416(i) (1) (A) expressly states that disability must occur ' * * * [B]y reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration * * *.' An impairment which is presently capable of being classified as remediable cannot meet the requirement that it be 'of long-continued and indefinite duration.' * * * (T)he express terms of the Act require a reasonable showing of the permanence of the disability. 'Not until treatment has been tried and found unavailing can it be said that a reasonable certainty of permanence appears.' * * *

"Thus Claimant failed to establish the existence of a medically determinable ailment that would cause inability to engage in any substantial gainful activity. * * * *" Bradey v. Ribicoff, supra, 298 F.2d p. 857 [2, 3].

 If the plaintiff Mr. Wright chooses to continue his obstinacy, he must forfeit, inter alia, what is apparently his only clear chance to establish the existence of a medically determinable ailment. On the other hand, if he chooses to consent to his physician's method of examination which might disclose the presently claimed impairment, he may then file an additional application for disability insurance benefits, if he remains in insured status. The Court understands from the defendant's brief that Mr. Wright would not then be precluded from filing a subsequent application alleging the onset of a disability at a later time during which he still meets the "special earnings requirement" of Social Security Act, citing McDaniel v. Celebrezze, C.A.4th (1964), 331 F.2d 426 and other opinions.

In the present posture of the matter, however, this Court must overrule the plaintiff's motion for a summary judgment, deny him all relief, and sustain the motion of the defendant administrator for a summary judgment, in affirmance of the latter's decision of October 28, 1964.

1. Viz., Mrs. Earl Wright, the plaintiff's good wife.

2. Sic: 404.1502(g).