**Alton MACHEN, Plaintiff,**

v.

**Robert H. FINCH, Secretary of Health, Education, and Welfare, Defendant.**

**Civ. A. No. 2129.**

United States District Court, E. D. Tennessee, Northeastern Division.

Dec. 23, 1969.

**1246**

James N. Hardin, Greeneville, Tenn., for plaintiff.

John L. Bowers, Jr., U. S. Atty., Robert E. Simpson, Asst. U. S. Atty., Knoxville, Tenn., for defendant.

## MEMORANDUM OPINION

NEESE, District Judge.

This is a judicial review of the final decision of the defendant Secretary, denying the plaintiff's claim for disability benefits under the Social Security Act. This application for benefits was filed by the plaintiff on October 21, 1965. The foregoing reference to a "final decision" is that of the Secretary of February 25, 1969; this is because the Court, 319 F.Supp. 1243 by order of June 7, 1968, remanded this action to the defendant Secretary for further proceedings and consideration. It had appeared that the report of medical evidence supplied by the plaintiff's treating physician was so illegible that the hearing examiner could hardly have deciphered the findings and opinions of the physician, to the extent necessary to have gained the full import of same in arriving at the administrative findings.

This infirmity in the record has been corrected: the physician, Dr. William Preas, testified personally before the examiner on the' hearing on the remand. Thus, the examiner has now had before him for consideration, not only an accurate account of the medical evidence supplied by Dr. Preas and others at earlier times, but also additional evidence which was taken on the remand hearing.

Therefrom, the examiner recommended that the administrative appeals council find that the plaintiff's medically determinable impairments to his right arm and back, in combination with his other impairments, were not of sufficient severity as to have precluded his engaging in substantial gainful activity for a continuous period of one year, commencing not later than December 31, 1966, when Mr. Machen last met the earnings requirement of the Social Security Act. Such administrative appellate body adopted this recommendation, and it became the ultimate decision of the defendant Secretary.

■■ The only issue this Court can now consider is whether this administrative decision is supported by substantial evidence. 42 U.S.C. § 405(g); Wright v. Celebrezze, D.C.Tenn. (1965), 246 F. Supp. 330, 332. A situation is not here presented, where the administrators have disregarded the only competent medical evidence a plaintiff has submitted to prove his disability. All the medical, and other evidence, has now been considered. There were differences of opinion among the physicians as to whether Mr. Machen was disabled from engaging in substantial gainful activity during the continuance of his insured status. It was incumbent upon the defendant Secretary's personnel to resolve these conflicts and make findings. It was they who are authorized to accredit the witnesses and weigh and give effect to the testimony of each. This Court is not permitted to try the issues *de novo*; so, whether this Court would have arrived at a different decision in a matter involving this remedial legislation, is absolutely moot. See Lane v. Gardner, C.A.6th (1967), 374 F. 2d 612, 616 [2–5].

■ This Court finds substantial evidence in the record to support the findings of the defendant Secretary herein. The plaintiff hereby is denied all relief.

Judgment will enter: overruling his motion for a summary judgment, sustaining the defendant's motion for same, affirming the decision of the defendant Secretary, and dismissing the complaint.