**Richard J. CHUNCO, Plaintiff,**

v.

**Caspar WEINBERGER, Secretary of Health, Education and Welfare, Defendant.**

Civ. A. No. 75–0010–BL.

United States District Court, S. D. West Virginia, Bluefield Division.

Dec. 18, 1975.

**1160**

Robert W. Hensley, Bluefield, W. Va., for plaintiff.

John A. Field, III, U. S. Atty., Charleston, W. Va., for defendant.

## MEMORANDUM ORDER

DENNIS R. KNAPP, Chief Judge.

This is an action under § 205(g) of the Social Security Act, as amended, 42 U.S. C.A. 405(g), to review a final decision of the Secretary of Health, Education and Welfare, denying the plaintiff's claim for a period of disability and for disability insurance benefits. This action is presently pending on cross motions for summary judgment.

The plaintiff filed an application for a period of disability and for disability insurance benefits on August 7, 1972, alleging inability to work from August 3, 1971, at age forty-two. His application was denied initially and also on reconsideration by the Bureau of Disability Insurance of the Social Security Administration. On September 5, 1974, after considering the case *de novo*, the administrative law judge held that the plaintiff was not entitled to a period of disability or to disability insurance benefits, finding that the evidence failed to establish that claimant's physical impairments were of sufficient magnitude to prevent him from engaging in substantial gainful activity for the period involved. The administrative law judge's decision became the final decision of the Secretary when the Appeals Council approved that decision on November 21, 1974. The plaintiff filed this action on January 21, 1975, seeking review and reversal of the aforesaid decision.

The only issue before this Court in this action is whether the Secretary's final decision is supported by substantial evidence. Section 205(g) of the Act, 42 U.S.C.A. 405(g), precludes a *de novo* judicial proceeding and requires that this Court uphold the Secretary's decision even should the Court disagree with such decision as long as it is supported by "substantial evidence." *Whiten v. Finch*, 437 F.2d 73 (4th Cir. 1971).

The plaintiff alleges he has been unable to work since August, 1971, due to the effect of delirium tremens with alcohol addiction, epidermic cyst, dermatitis, gastroenteritis, peripheral neuropathy

secondary to chronic alcoholism, discogenic disease of the lumbar spine, simple pneumoconiosis, cirrhosis and anxiety neurosis. The Court, at this time, does not feel that it is necessary to relate in detail the contents of the various medical reports and opinions in the record concerning each of these afflictions. Reference to pertinent portions of the medical opinions and reports will be made, where appropriate, in the discussion that follows.

The plaintiff's chief complaints, from which it seems most all of his afflictions have arisen, are the discomfort he suffers in his back, legs and feet and his long period of alcoholic indulgence. Counsel for the plaintiff contends that these afflictions are, in and of themselves, disabling or in the alternative that when considered *in toto*, they render the plaintiff totally disabled within the meaning of the Act. With this hypothesis the Court does not agree.

The plaintiff asserts that he is entitled to benefits predicated upon his chronic alcoholism. As a result of his abusive use of alcohol it is alleged by the plaintiff that he suffers from haennec's cirrhosis of the liver and, in fact, the administrative law judge did find that he suffered from such impairment. However, as pointed out by the defendant in his brief, a specific finding of abnormal liver function was made only once during his medical treatment. At the time of his discharge from the hospital in January, 1973, his liver function test was normal. The records further reveal that at the time of each of the plaintiff's discharges from the hospital he was in satisfactory condition and none of the records reveal the existence of an impairment of such severity as to preclude the plaintiff from engaging in substantial gainful activity. It should be further noted that the plaintiff's own testimony (T. 40) reveals that he did not consider his drinking a problem and that he has not had a drink since July of 1972. From the foregoing it is clear that any disability claimed by the plaintiff must be shown to rest on some ground other than alcohol addiction. By his own testimony, the plaintiff admits to no alcoholic indulgence from July, 1972. Thus, this Court does not find it necessary to this decision to enter into a discussion of the holdings by various courts concerning alcoholism and a loss of voluntary control since it is clear in this case that the plaintiff has not so far lost self-control as to make him disabled within the meaning of the Act as a result of alcohol addiction. See *Osborne v. Cohen*, 409 F.2d 37 (6th Cir. 1969); *Badichek v. Secretary, Health, Education and Welfare*, 374 F.Supp. 940 (E.D.N.Y.1974); *Cornett v. Weinberger*, CCH, Unemployment Insurance Reporter TP 14,191 (S.D. Ohio, 1975).

Plaintiff also alleges that he suffers from severe lumbosacral pain due to his discogenic disease of the lumbar spine. Concerning this impairment, the plaintiff alleges that although it may be possible to alleviate this impairment, he has refused to undergo such an operation because of reasonable fear of such an operation. In support of this argument counsel for the plaintiff cites the cases of *Morse v. Celebrezze*, 235 F.Supp. 810 (E.D.La.1964) and *McCarty v. Richardson*, 459 F.2d 3 (5th Cir. 1972). The record in the instant case shows that the plaintiff's objections are not directed at this time to major surgery but rather at the performance of a diagnostic test, i. e., a myelogram. In the case of *Wright v. Celebrezze*, 246 F.Supp. 330 (E.D.Tenn.1965), the claimant refused to undergo a myelogram, without which, an absolute diagnosis was impossible. The Court in that case held that the claimant had not sustained his burden of proof and his claim for disability was denied.

The need for such testing in the instant case has clearly been shown. Drs. Hillier and Wells were unable to pinpoint the cause, severity and possible treatment of his alleged back condition due to the lack of such test. Dr. Hillier emphasized the need for such test to determine if the plaintiff has a herniated intervertebral disc and Dr. Well's testi-

mony showed a diagnosis of peripheral neuropathy *or* a herniated disc. Dr. Hillier's report of March, 1973, further revealed that plaintiff's muscle tone, straight leg raising, flexion and heel and toe walking were satisfactory. All of the above is particularly revealing in light of Dr. Wayne's diagnosis that from a psychiatric and psychological standpoint, the plaintiff "should be able to perform in some type of work, assuming his physical condition permits."

■ The contention of the plaintiff that he is disabled due to pneumoconiosis is without medical support. The pulmonary function studies of March 26, 1973, show that this condition has not demonstrably affected his functional capacity to engage in light work. *Stone v. Finch*, 434 F.2d 364 (4th Cir. 1970).

■ Based on the foregoing, the Court would have to agree with the Secretary that there is substantial evidence to support his findings. However, there is one question which has not been raised by the plaintiff which causes this Court concern. The record, other than one instance, does not reveal what any physician advised the plaintiff to do or not to do with regard to work or whether any physician ever stated on the basis of an examination or evaluation of the plaintiff's medical history that he was or was not able to work and if he was able to work, the extent of his performance capabilities. This Court feels that the Secretary should have brought out the opinion of one or more doctors who treated or examined the plaintiff as to whether or not the plaintiff was disabled and if only partially disabled the limitations with which the plaintiff would have to labor. While it is true that Dr. Wayne in his psychiatric evaluation stated that "from a psychiatric and psychological standpoint, he should be able to perform in some type of work . . .," this was qualified with the phrase "assuming his physical condition permits." Mrs. Spangler, the vocational expert, in her response to the administrative law judge's hypothetical question qualified her answer by stating: "If no contra-indications to the claimant's doing sedentary up to relatively light levels of work. . . ." While it is true that there exist no "contra-indications," it is also true that there exist no indications to support an assumption of the plaintiff being able to perform sedentary or relatively light levels of work.

This poses a most difficult question for this Court. Should this case be remanded for the taking of such additional evidence or should the Court render a decision at this time. After an exhaustive review of the whole record, the Court is of the opinion that a remand to the Secretary to determine this issue is not necessary because such an opinion is not capable of being made due to the obstinacy of the plaintiff in refusing to submit to the necessary diagnostic testing. This Court feels quite certain Dr. Hillier or Dr. Wells would have submitted such an opinion if they had the necessary objective, clinical data before them. However, both indicated that further testing was necessary, as hereinabove mentioned.

It is well settled that in Social Security cases the plaintiff has the burden of proving that he is disabled under the terms of the Act. *Blalock v. Richardson*, 483 F.2d 773 (4th Cir. 1972). Since there is a lack of evidence in this file to prove the plaintiff's contentions and there is substantial evidence to support the Secretary's decision, the Secretary's decision must be affirmed. *Wright v. Celebrezze*, supra.

It is accordingly ordered that the defendant's Motion for Summary Judgment be and it is hereby granted, and the plaintiff's Motion for Summary Judgment is hereby denied and the Secretary's decision is affirmed.

All matters in this action being concluded, it is further ordered that this case be stricken and removed from the docket of this Court.