Raymond THOMPSON, Plaintiff,

v.

Arthur S. FLEMMING, Secretary of Health, Education, and Welfare of the United States, Defendant.

Civ. No. 435–59.

United States District Court
D. Oregon.

Oct. 11, 1960.

Bailey, Lezak, Swink & Gates, **Sid** Lezak, Portland, Or., for plaintiff.

Edward J. Georgeff, Asst. U. S. Atty., Portland, Or., for defendant.

EAST, District Judge.

This case comes before this Court for review pursuant to Social Security Act (Act) § 205(g), 42 U.S.C.A. § 405(g), after a final determination by the defendant which was adverse to the plaintiff. The decision of the Referee dated May 14, 1959, denying plaintiff's applications to establish a period of disability and for disability insurance benefits, became the "final decision" of defendant on August 26, 1959, when the Appeals Council denied the request of plaintiff for review thereof. Defendant now requests a summary judgment in accordance with the provisions of Rule 56(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

The issue before the Referee was whether or not plaintiff had an irremediable impairment or combination of impairments, of such degree of severity as to preclude all forms of substantial gainful activity. The Referee holds that the plaintiff is not entitled to a period of disability under § 216(i) of the Act (42 U.S.C.A. § 416(i)), or to disability insurance benefits under § 223 of the Act (42 U.S.C.A. § 423), on the grounds that plaintiff had not established as a matter of fact that he was disabled within the meaning of the Act.

The issue before this Court is whether the Referee's decision, which became the final decision of the defendant, is supported by substantial evidence. Section 205(g) of the Act provides that if the findings of the defendant are based upon substantial evidence, then such findings shall be conclusive. This also extends to inferences logically derived from the evidence. Carqueville v. Folsom, D.C.Ill.1958, 170 F.Supp. 777, affirmed 7 Cir., 1959, 263 F.2d 875; United States v. LaLone, 9 Cir., 1945, 152 F.2d 43; Ussi v. Folsom, D.C.N.Y. 1957, 157 F.Supp. 679, affirmed 2 Cir., 1958, 254 F.2d 842.

To be eligible for the establishment of a period of disability or for monthly insurance benefits, the plaintiff must, on April 9, 1957, and October 7, 1957, the dates of his respective applications, have been under a "disability". Act §§ 216 (i) and 223.

It is the plaintiff's contention that he became disabled in July, 1956, at age 50, from varicose veins, arthritis, a heart condition, diabetes, and cirrhosis of the liver.

"Disability" is defined in §§ 216(i) and 223 (42 U.S.C.A. §§ 416(i) and 423) of the Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration." A comprehensive statement of the plaintiff's medical history is contained in the Referee's decision and in the exhibits. That the plaintiff is suffering from a combination of physical impairments is clear. The record discloses that he was hospitalized, for varying periods of time, upon no less than six occasions between March, 1957, and April, 1958. However, there is evidence that the plaintiff's major difficulties have arisen because he has not adhered to his diabetic diet and has continued to drink excessive amounts of alcoholic beverages despite the repeated prohibitions of physicians. The significance of this evidence is made apparent by § 404.1501 of Social Security Administration Regulations No. 4 (20 CFR 404.1501), which interprets the definition of the term "disability" given in §§ 216(i) and 223 of the Act. Subsection (g) provides:

"Impairments which are remediable do not constitute a disability within the meaning of this section. An individual will be deemed not under a disability if, with reasonable effort and safety to himself, the impairment can be diminished to the extent that the individual will not be prevented by the impairment

to from engaging in any substantial gainful activity."

 Dr. Remly's impression on May 24, 1958, was that "this man will not be able to follow any remunerative work in the future." To the extent that this statement conflicts with Dr. Casterline's opinion that plaintiff is able to "perform the average sedentary to light physical activity in spite of his obvious physical ailments," the Referee, as the trier of the facts, was entitled to resolve the conflict.

 Although there has been a finding by the Veteran's Administration to the effect that the plaintiff's disability prevents his engaging in substantially gainful employment, it is not controlling in this cause. In the language of the court which decided the case of N. L. R. B. v. Pacific Intermountain Express Co., 8 Cir., 1955, 228 F.2d 170, 176:

"Each fact-finding agency is entitled to make its own decision upon the evidence before it and the fact that another tribunal has reached a different conclusion upon the same issue * * * does not invalidate any decision which has proper evidentiary support."

As the court stated, by way of dictum, in Carpenter v. Flemming, D.C.W.Va. 1959, 178 F.Supp. 791, 793, "this is so even where both agencies are those of the Federal government." See Lane v. Railroad Retirement Board, 6 Cir., 1950, 185 F.2d 819, wherein it was held that a finding by the National Railroad Adjustment Board, that the deceased was an employee of the railroad, was not binding on the Railroad Retirement Board.

 Although reasonable minds may have differed as to the effect of the evidence, the Referee's findings of fact are supported by "substantial evidence," and this Court must therefore implement the same. Therefore, the defendant's motion for summary judgment must be granted. Counsel for the defendant is requested to submit appropriate order.