**Raymond I. MAYS, Plaintiff,**

v.

**Abraham RIBICOFF, Secretary of Health, Education, and Welfare, Defendant.**

**Civ. A. No. 1092.**

United States District Court
S. D. West Virginia,
at Huntington.

July 7, 1962.

H. G. Williamson, Huntington, W. Va., for plaintiff.

Harry G. Camper, Jr., U. S. Atty., Huntington, W. Va., for defendant.

HARRY E. WATKINS, District Judge.

■ This is an action under 42 U.S.C.A. § 405(g) of the Social Security Act to review a final decision of the Secretary of Health, Education, and Welfare. That decision disallowed plaintiff's claim for a period of disability under 42 U.S.C.A. § 416(i) and for disability insurance benefits under 42 U.S.C.A. § 423, and the jurisdiction of this court is limited to a determination of whether that decision was based on substantial evidence. 42 U.S.C.A. § 405(g). The court is precluded from having a hearing de novo. See Carpenter v. Flemming, D.C.N.D.W.Va., 178 F.Supp. 791.

The Act, 42 U.S.C.A. § 416(i), provides for eliminating from a person's earning record the period during which he was under a "disability" in computing his average monthly wage upon which the amount of his benefit is based. A discussion of the elements of this statutory disability is contained in Pruitt v. Flemming, D.C.S.D.W.Va., 182 F.Supp. 159. There is no dispute here concerning plaintiff's "insured status" under the Act and it suffices to say that plaintiff last met this "insured status" on June 30, 1960.

On May 20, 1959, plaintiff filed an application for disability insurance benefits and, on June 15, 1959, he filed an application to establish a period of disability. In the latter application he described his impairment as "heart condition and nerves" and alleged that he became exhausted, weak and dizzy easily, and that he was also short of breath. Following unfavorable administrative determinations, plaintiff requested and received a hearing before a hearing examiner. Plaintiff appeared and gave evidence, the examiner considered the case de novo, and on May 11, 1961, rendered his decision denying plaintiff's claim. On August 17, 1961, the Appeals Council declined to review the hearing examiner's decision and that decision thus became the "final decision" of the Secretary, subject to the present judicial review.

■■ The medical evidence furnished upon physical examination completely negates any "heart trouble", impairment of nerves, or any other physical cause for plaintiff's asserted weakness, fainting, or "dizzy spells". None of the three physicians who examined plaintiff found any physical impairment which would keep him from working. Neuropsychiatric examination showed, "Some social and industrial incompetence." However, the evidence supports the conclusion that the source of this incompetence, whatever degree it may be, (the degree not being indicated) is in plaintiff's drinking habits. Dr. Dennison made a diagnosis of chronic anxiety and depressive reaction, and stated:

> "*I feel that he will never be any better because he will not do anything to help himself.* I also feel that he is totally and permanently disabled on a psycho-neurotic basis." (Emphasis supplied.)

The proof in this case shows that plaintiff was addicted to alcohol, and it strongly supports the conclusion that this addiction, rather than any underlying physical or mental impairment, was the cause for plaintiff's unemployment. This is hardly sufficient to show a disability within the meaning of the Act. Thompson v. Flemming, D.C.Oregon, 188 F.Supp. 123 (1960). The record contains substantial evidence to support the Secretary's decision that plaintiff did not show himself to be unable to engage in any substantial gainful activity by reason of any physical or mental impairment of long-continued and indefinite duration, and there is affirmative evidence which strongly supports the conclusion that plaintiff (at age 56 and with experience as a truck driver and cook) still has the capacity to work if only he would follow the advice of physicians to "stop alcohol."

The decision of the Secretary, being based on substantial evidence, is affirmed.