**Clyde F. ECHOLS, Plaintiff,**

v.

**J. W. GARDNER, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 66–C–77.**

United States District Court
S. D. Texas,
Corpus Christi Division.

May 19, 1967.

---

Butler, Schraub & Gandy, F. I. Gandy, Jr., Corpus Christi, Tex., for plaintiff.

Morton L. Susman, U. S. Atty., and Thomas L. Morrill, Asst. U. S. Atty., Houston, Tex., for defendant.

## MEMORANDUM AND ORDER
## OF DISMISSAL

GARZA, District Judge.

This is an action under Section 205(g) of the Social Security Act as amended (42 U.S.C. § 405(g)), to review a "Final Decision" of the Secretary of Health, Education and Welfare, denying Plaintiff's claim for entitlement to disability insurance benefits under Section 223 of the Act (42 U.S.C. § 423).

Defendant has filed a motion for summary judgment.

On October 27, 1960, the Plaintiff filed an application for the establishment of a period of disability under Section 216(i) of the Act (42 U.S.C. § 416 (i)) and for entitlement to disability insurance benefits under Section 223 of the Act (42 U.S.C. § 423), alleging the onset of a disability within the meaning of the Act in August, 1949, specifically a peptic ulcer, hernia, and nervousness. This application was denied by the Social Security Administration, and the Plaintiff did not seek a reconsideration within the six months' period; therefore, that decision became binding upon the Plaintiff.

On September 17, 1964, the Plaintiff filed a second application, making the

same request, alleging the onset of a disability in 1954. This request was also turned down; whereupon the Plaintiff requested an oral hearing.

A hearing was conducted on February 8, 1966. The Plaintiff did not appear personally at the hearing, but his wife did testify, and Plaintiff was represented by counsel throughout the hearing.

The Hearing Examiner rendered his decision on February 25, 1966, holding that prior to the termination of the Plaintiff's insured status on December 31, 1952, the Plaintiff was not under a disability within the meaning of the Act, as that term was defined in the Act either before or after the 1965 amendments.

The Plaintiff made request for the Appeals Council of the Administration to review the decision of the Hearing Examiner. On June 24, 1966, the Appeals Council rendered a decision in accordance with the Hearing Examiner's opinion. This decision of the Appeals Council is the "Final Decision" of the Secretary, subject to judicial review herein.

The issue in this type of case is whether or not there is substantial evidence in the record to uphold the decision of the Secretary that the Plaintiff failed to establish that at any time prior to the termination of his insured status on December 31, 1952, he was under a disability within the meaning of the Social Security Act as that term was defined either before or after the 1965 amendments.

The record shows that the Plaintiff here was born March 9, 1911. As far as we know, Plaintiff led a normal life and was in good health until 1942. In 1943 the Plaintiff was a second lieutenant in the United States Army. At this point in time is where the Plaintiff's medical history starts as far as the record reveals.

In 1943, the War Department Army Retiring Board found that the Plaintiff was incapacitated for further active military service, due to a chronic duodenal ulcer, and that said incapacity was permanent.

■ It is well known, however, that some ailment sufficient to discharge a person from active military service does not necessarily mean that a person cannot be gainfully employed; or, more in point, that a person is "disabled" as defined in the Act.

In the record there are numerous hospital records of the Plaintiff for the period of 1948–1950. All of these records reveal that the Plaintiff suffered from chronic alcoholism. None of these records shows any significant ulcer problem, and no hernia problem whatsoever. To the contrary, the Plaintiff was shown to be in good health shortly after alcohol was withdrawn. The psychiatric reports show only moderate anxiety, and no psychosis. There was one report from a doctor that stated Plaintiff was disabled, but it states only conclusions.

There is no question from the vast majority of evidence presented here that the Plaintiff's major difficulties are due to his continued drinking of excessive amounts of alcoholic beverages.

The importance of this evidence is made apparent by Section 404.1501 of the Social Security Administration Regulations No. 4 (20 CFR 404.1501), which interprets the definition of the term "disability" given in Sections 216(i) and 223 of the Act. Subsection (g) of § 404.1502 provides:

"Impairments which are remediable do not constitute a disability within the meaning of the Act. An individual will be deemed not under a disability if, with reasonable effort and safety to himself, the impairment can be diminished to the extent that the individual will not be prevented by the impairment from engaging in any substantial gainful activity."

■ The record clearly shows that addiction to alcohol, rather than any underlying physical or mental impairment, was the cause of Plaintiff's unemployment.

This addiction is not sufficient to show a disability within the meaning of the Act. Thompson v. Flemming, D.C., 188 F.Supp. 123 (1960).

Today, addiction to alcohol is looked upon by many authorities as a disease. However, the Social Security Act was not painted with so broad a brush to encompass making disability payments to voluntary alcoholics who show no substantial proof of underlying physical or mental impairments.

It is regrettable that the Plaintiff, a man of fine education and obvious intelligence, has suffered so many falls on the rocky road of life, and today probably is disabled. However, in this effort the Plaintiff must be denied.

The medical evidence is just not sufficient to show that the Plaintiff was "disabled" as defined in the Act and therefore entitled to disability payments. Medical reports as late as 1960 show Plaintiff to be in good health. Also, the fact that Plaintiff was able to return to college and finish his education in the 1952–1953 period, coupled with the fact that the Plaintiff earned approximately $4,000 to $5,000 in 1954 and about $1,500 in 1955 selling automobiles and securities, tends to show that the Plaintiff was not disabled either before or on December 31, 1952.

The finding of the Secretary that the Plaintiff was not disabled as defined under the Act either before or on December 31, 1952, is supported by substantial evidence. The decision of the Secretary is affirmed.

Therefore, the Defendant's motion for summary judgment will be granted.

It is, therefore, ordered, adjudged and decreed that this cause be, and it is hereby dismissed at Plaintiff's cost, for which let execution issue.

The Clerk will send copies of this Memorandum Opinion and Order of Dismissal to counsel for the parties.