Ralph H. MARTIN, Plaintiff,

v.

Elliott L. RICHARDSON, Secretary, Health, Education and Welfare, Defendant.

Civ. A. No. 70–C–105–A.

United States District Court, W. D. Virginia, Abingdon Division.

April 19, 1971.

William J. Sturgill, Norton, Va., and L. Victor McFall, Clintwood, Va., for plaintiff.

James G. Welsh, Asst. U. S. Atty., Roanoke, Va., counsel for defendant.

## OPINION AND JUDGMENT

DALTON, Chief Judge.

This action is brought under section 205(g) of the Social Security Act, 42 U. S.C.A. 405(g), to review a final decision of the Secretary of Health, Education and Welfare. The decision rendered by the hearing examiner on April 17, 1970 denying the plaintiff his claimed disability insurance benefits, became the final decision of the Secretary when the Appeals Council denied the plaintiff's request for review on June 18, 1970. Plaintiff's claim for disability insurance benefits has been rejected at all levels of the administrative process and he now petitions the district court to set aside the Secretary's decision or, in the alternative, to remand the cause to the Secretary for the submission of additional evidence.

The issues presented to the court in this action are initially, whether the Secretary's decision as it now stands denying the plaintiff his requested disability benefits is supported by substantial evidence developed in the record and secondly, whether or not the plaintiff has shown "good cause" to justify having his case remanded to the Secretary for the submission of additional evidence.

■■ There is little doubt that the Secretary's decision should be affirmed on the government's motion for summary judgment if the sole issue before the court was the existence of substantial evidence in support of the Secretary's findings. There is abundant evidence in the record as it presently exists in support of the Secretary's decision that the plaintiff's maladies either individually or in combination would not render him disabled within the meaning of the Social Security Act, 42 U.S.C.A. sections 416 and 423. The medical evidence in the record is certainly voluminous and in many respects such evidence is conflicting and inconclusive as to the plaintiff's alleged disability.

The burden of proof in a case of this nature is upon the plaintiff to show the existence of his disability and its degree of severity. The Secretary was justified in concluding that the plaintiff had not met this burden based upon the inconclusive medical reports and the report of a vocational expert that there were a number of jobs for which the plaintiff was qualified. The Secretary concluded that although the plaintiff was unable to

return to his former employment in the coal mines, he did have the residual capacity considering his age, education and work experience to engage in other substantial gainful employment. The vocational witness listed four particular jobs for which the plaintiff was qualified and which existed in significant numbers both in the plaintiff's area and in the national economy. These jobs would not require the plaintiff to do any heavy lifting or other strenuous exertion and the atmosphere at all such jobs would be free from dust. For the foregoing reasons, it would be improper for this court to overturn the Secretary's decision upon the record for lack of substantial supporting evidence.

However, the plaintiff has also asked this court to remand this case to the Secretary for the submission of additional evidence. At the initial hearing at which the plaintiff's claim to disability insurance benefits was rejected, the plaintiff was not represented by counsel. At that hearing, the claimant submitted various medical reports from both hospitals and individual doctors in addition to the testimony of his wife and himself. It was upon this evidence and the testimony of the vocational expert that the Secretary's decision rested. Now, the plaintiff has employed counsel and has appended to his request for remand a more recent report from Southwestern State Hospital concerning the plaintiff's condition. This court's function is of course limited to review of the Secretary's decision based upon the record as compiled below and not to proceed de novo. The additional medical evidence which the plaintiff has appended to his pleadings cannot be considered by this court in its reviewing function as it was not a part of the record below.

Remand to the Secretary for the purpose of taking additional evidence can only be had on a showing of "good cause" as required by section 205(g) of the Social Security Act, 42 U.S.C.A. 405(g). The defendant's position is that the plaintiff has not shown good cause for a remand to the Secretary. The defendant contends that the gist of the medical reports would reveal that the diagnosis would merely show that the plaintiff is suffering from alcoholism and alcohol addiction and that such a showing would not entitle the plaintiff to disability benefits in any event. It has been held that alcohol addiction by itself is not sufficient to show a disability within the meaning of the Social Security Act. Echols v. Gardner, 276 F. Supp. 499 (S.D.Texas, 1967); Ferrell v. Gardner, 260 F.Supp. 996 (S.D.W.Va. 1966) and Roberts v. Gardner, 396 F.2d 501 (4th Cir. 1968). It has further been held that even if alcoholism is considered a disease, it cannot be considered disabling within the meaning of the Social Security Act if it is not so deep seated as to be irremediable. Osborne v. Cohen, 409 F.2d 39 (6th Cir. 1969).

However, none of the above cases can be considered as controlling in this specific factual situation because the evidence has not been considered and evaluated by the Secretary. What the Secretary might find from the additional evidence, this court is not able to say. Clearly, from the record below, alcoholism if it be found is not the plaintiff's sole infirmity. There is no indication whether the plaintiff's condition is so far advanced as to be irreversible or not. In addition, it appears that the finding of alcohol addiction is but a part of the complete diagnostic report prepared by the Southwestern State Hospital. Such decisions and evaluations are not to be made by the district courts in their reviewing function, but are to be made by the Secretary at an evidentiary hearing.

In determining whether "good cause" exists for a remand to the Secretary it should be remembered:

'The Social Security Act is to be liberally construed as an aid to the achievement of its Congressional purposes and objectives. Narrow technicalities which proscribe or thwart its policies and purposes are not to be adopted.'

In these circumstances, courts must not require such a technical and cogent showing of good cause as would justify the vacation of a judgment or the granting of a new trial, where no party will be prejudiced by the acceptance of additional evidence and the evidence offered bears directly and substantially on the matter in dispute. Blanscet v. Ribicoff, 201 F.Supp. 257, 265 (W.D.Ark.1962) and quoted with approval in Sage v. Celebrezze, 246 F. Supp. 285, 288 (W.D.Va.1965).

It may well be that the new evidence which the plaintiff seeks to put before the Secretary will bear substantially on the merits of his claim for disability benefits. Considering the purposes for which the Social Security Act was enacted, the court is of the opinion that the existence of a more recent medical report which the Secretary has not had a chance to consider constitutes good cause for remanding this case to the Secretary for the taking of additional evidence.

It appearing that good cause has been shown, it is, ordered that this case be remanded to the Secretary for the purpose of taking such additional evidence as the plaintiff may offer or as the defendant may deem desirable.