Peter **BADICHEK**, Plaintiff,

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE,**
Defendant.

No. 73 C 653.

United States District Court,
E. D. New York.

April 25, 1974.

Daniel P. A. Sweeney, New York City, for plaintiff.

Howard J. Stechel, Washington, D. C. (Edward John Boyd V, U. S. Atty., Borge Varmer, Regional Atty., Region II, Jerome T. Levy, Deputy Regional Atty., Dept. of Health, Education & Welfare, Washington, D. C., of counsel), for the Secretary.

MEMORANDUM and ORDER for JUDGMENT

DOOLING, District Judge.

Both parties have moved for judgment in plaintiff's suit to review the determination of the Secretary denying plaintiff's application for a period of disability and disability insurance benefits. 42 U.S.C. § 405(g).

Plaintiff, born in 1923 and a World War II veteran, was regularly employed for twenty-three years until December 8, 1969, as a maintenance mechanic for a chemical company (Nopco Chemical Company) in New Jersey. He has not worked since that date. His employment was terminated because he had become a chronic alcoholic. He had several times been warned that his drinking would cause his discharge, and rehiring has been refused.

The record is clear that plaintiff's discharge was not protested by his Union. No other employment has been sought, and plaintiff's wife, in effect, has him on a maintenance program under which he is allowed a pint of whisky a day, all of which he consumes. He has not sought or received specialized medical treatment for alcoholism, nor psychiatric assistance, nor has he sought to participate in Alcoholics Anonymous. He lives in a City Project, and family support is drawn from his working wife's salary and a Veteran's Administration disability benefit (not service-connected) of $140 or $145 monthly. The family con-

sists of plaintiff, his wife, and a son who is attending Brooklyn College. Plaintiff evidently lives a completely torpid existence, rarely leaving his apartment, living without any socialization except for his contact with his wife and son.

The Hearing Examiner (now Administrative Law Judge) and Appeals Council reviewed the medical evidence and both concluded, with substantial support in the evidence, that, while plaintiff's health has been damaged and there is demonstrable organic damage and functional impairment, the physical and mental deficiencies are not severe enough to authorize a finding that their severity precludes plaintiff from engaging in substantial gainful activity. Rejection of the finding on the ground of physical disablement and lost job-competency (from the point of view of loss of physical strength and dexterities) is not possible. The question really raised is whether the Secretary erred in that he took the approach epitomized in the following language of the Administrative Law Judge (R. 24–25)

"In view of the minimal findings so far as significant medical pathology is concerned, it is difficult to see why this claimant cannot continue with his prior gainful activity. If his last employer could have given him another chance he might still be working there. He has not made any serious attempts to find other work, nor has he made any serious attempts to fight his addictive dependence on alcohol.

"The claimant can't just sit back and say, 'I am addicted to alcohol and therefore I am disabled.' He has to take some positive steps to halt the addictive process and to try to rehabilitate himself to become a productive member of society.

"Section 404.1507 of the Regulations of the Secretary provide that a person who fails to follow prescribed treatment cannot be found under a disability.[2] The claimant does not

2. 20 CFR 404.1507.

bother to take medications. He is not following the prescribed treatment. He doesn't see a physician to try to overcome his problem. This may not be a willful failure to follow prescribed treatment but only a thin line separates wilfulness from failure to follow medical treatment."

The different language of the Appeals Council is clear in these excerpts:

"The administrative law judge's statements in his decision, as to the pertinent provisions of the Social Security Act, the issues in the case and the evidentiary facts which were before him, are incorporated herein by reference.

\*    \*    \*    \*    \*    \*

"The claimant's main problem is his addictive dependence on alcohol which has caused chronic encephalopathy with some memory deficit. However, he has sufficient ability to think, reason, and communicate, make usual and customary judgments, and demonstrate a capacity for self-sufficiency. The claimant maintains the residual functional capacity to perform substantial gainful activity on a sustained basis.

"For the above reasons, it is the opinion of the Appeals Council that the claimant does not have a physical or mental impairment of such severity that he would be precluded from engaging in work activity consistent with his age, education and past work experience."

The Appeals Council had before it medical data not before the Administrative Law Judge, including an opinion of Theodore Meltzer, M. D., a diplomate of the American Board of Psychiatry and Neurology specialising in neurology and psychiatry. The Council noted (R. 13) Dr. Meltzer's opinion (R. 187), which the Doctor summarized thus:

"Opinion: It is my opinion that this patient is suffering from a chronic brain condition as result of his alcoholism. At present this patient is se-

verely incapacitated. In view of the patient's lack of insight I do not think that he will cooperate in any therapeutic regime. While psychotherapy is in order it cannot be separated from the general medical treatment that he requires since his brain condition is essentially an organic one and secondary to his intake of alcohol. His functional potential is severely limited. However, he is capable of handling his monetary benefits."

The applicable regulations include 20 C.F.R. § 404.1506 Appendix par. 12.04 G. 3. which recognizes as severe impairment that may give rise to a finding of disability—

"12.04 Functional nonpsychotic disorders (psychophysiologic, psychoneurotic and and personality disorders). Manifested by marked restriction of daily activities and constriction of interests and deterioration in personal habits and seriously impaired ability to relate to other people and persistence of one of the following:

\* \* \* \* \* \*

"G. Life-long, habitual, and inappropriate patterns of behavior manifested by one of the following:

\* \* \* \* \* \*

"3. Addictive dependence on alcohol or drugs, with evidence of irreversible organ damage."

But cf. Martin v. Secretary, 4th Cir. 1974, 492 F.2d 905.

Congress has established a program for funding facilities devoted to the prevention and control of alcoholism based on its legislative finding that alcoholism is a major health and social problem and that treating it as a health problem permits "early detection and prevention" and "effective treatment and rehabilitation." 42 U.S.C. §§ 2688e to 2688j–2. And the Congress in dealing with narcotic drug addiction has defined the "addict" as including one "so far addicted . . . as to have lost *the power of self-control with reference to his addiction*," and has defined "drug dependence" as "characterized by behavioral and other responses which include *a*

*strong compulsion to take the substance on a continuous basis in order to experience its psychic effects or to avoid the discomfort caused by its absence*" (italics added). 42 U.S.C. § 201(k), (q).

Regulation 20 C.F.R. § 404.1507 requires a claimant with a disabling impairment to undergo prescribed therapy if his impairment is amenable to treatment that could be expected to restore the ability to work. The regulation states that

". . . an individual who willfully fails to follow such prescribed treatment cannot . . . be found to be under a disability. Willful failure does not exist if there is justifiable cause for failure to follow such treatment."

The Secretary's determination leaves it uncertain whether the Secretary considered and rejected on the facts the possibility, perhaps strong, that plaintiff's chronic alcoholism had left him destitute of the psychic capacity to seek psychiatric help, or to resort to self-help, or the Secretary simply decided that, since mentation was essentially intact in the sense that there has been no substantial loss of operable faculties for computing, recollecting and demonstrating substantially unimpaired logical achievement, and there has been no substantial organic damage or deterioration, a purely psychic or psychological inability to make and adhere to decisions to seek means of rehabilitation was irrelevant. Cf. Osborne v. Cohen, 6th Cir. 1969, 409 F.2d 37, 39 (see, in dissenting opinion, p. 40); Havens v. Weinberger, 5th Cir. 1973, 477 F.2d 138; Roberts v. Gardner, 4th Cir. 1968, 396 F.2d 501; Brasher v. Celebrezze, 8th Cir. 1965, 340 F.2d 413, 417. Contrast Ingram v. Richardson, 6th Cir. 1972, 471 F.2d 1268, 1272–1275; Martin v. Secretary, *supra*. The regulation quoted above, if and to the extent relied on as requiring irreversible organ damage must be considered, as in Martin v. Secretary, to go too far.

It may be that in the present case the Secretary's ultimate view may be that plaintiff's condition is one of voluntary

resignation to alcoholism as an escape of choice from a life of daily labor and not a helpless self-entrapment in an unconquerable addiction. However, it is concluded that the Secretary must consider and decide whether or not the plaintiff is totally disabled because he has through his addiction to alcohol so far lost self-control that he is impotent to seek and use means of rehabilitation, and, if he finds that such a permanent disability does exist, whether it is the kind of disability with which the Act is intended to deal. That latter judgment should in the first instance be articulated by the Secretary as the one long charged with the administration of the Act and most familiar with the history and ramifications of its applications. Accordingly, it is

Ordered that the plaintiff's motion for summary judgment is granted only to the extent of remanding the case to the Secretary for further proceedings consistent with this decision and the Clerk is directed to enter judgment that plaintiff's application for a period of disability and disability insurance benefits is remanded to the Secretary of Health, Education and Welfare for further proceedings not inconsistent with this decision.