Orville J. GRIFFIS, Jr., Plaintiff-Appellant,

v.

Caspar W. WEINBERGER, Secretary of Health, Education and Welfare, Defendant-Appellee.

No. 73–2821.

United States Court of Appeals, Ninth Circuit.

Jan. 14, 1975.

Don Gartner, Community Advocates/Legal Aid Society of Santa Cruz County, Capitola, Cal., for plaintiff-appellant.

Brian B. Denton, Asst. U. S. Atty., San Francisco, Cal., for defendant-appellee.

Before BROWNING and DUNIWAY, Circuit Judges, and MARKEY,* United States Court of Customs and Patent Appeals.

OPINION

DUNIWAY, Circuit Judge.

This case presents the question whether severe chronic alcoholism and related drug abuse, standing alone, can, if serious enough, amount to a disability as defined in the Social Security Act. Section 416(i) of Title 42, United States Code, defines "disability" as: "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Section 423(d) contains the identical definition, and adds in subparagraph (3): "For purposes of this subsection, a 'physical or mental impairment' is an impairment that results from

* The Honorable Howard T. Markey, Chief Judge, United States Court of Customs and Patent Appeals, sitting by designation.

anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."

The decision of the Secretary's Hearing Examiner denied Griffis' claim and was approved by the Appeals Council, thus becoming a final decision of the Secretary. The district court upheld the Secretary's decision. Griffis appeals and we reverse.

The record is full of evidence that Griffis has long suffered from severe chronic alcoholism and related drug abuse, and the Hearing Examiner so found. Some of his discussion of the evidence in this opinion can be read as finding that Griffis, in spite of his problem, is not unable to engage in any gainful activity as the statute requires. However, in the portion of his opinion entitled "Decision," the Hearing Examiner stated his findings as follows:

\*     \*     \*     \*     \*     \*

(3) The claimant suffers from severe chronic alcoholism and related drug abuse.

(4) This addiction, rather than any underlying physical and mental impairment is the primary cause of the claimant's inability to obtain work or remain employed when he does obtain it.

(5) Such chronic addiction is, absent underlying physical or mental impairments of sufficient severity, insufficient basis to support a finding of entitlement to disability benefits under the Social Security Act.

These findings lead us to conclude that the Examiner applied an improper legal standard.

██ The proposition that chronic acute alcoholism is itself a disease, "a medically determinable physical or men-

tal impairment," is hardly debatable today. The Secretary does not disagree. We know, too, that alcoholism is often accompanied by underlying severe physical or mental impairment, or both, although this is not always the case. The question presented to the Secretary was whether Griffis' impairment was serious enough to make him disabled—that is, unable to engage in any gainful activity. The presence or absence of "underlying" physical or mental impairment as accompaniments or products of the disease may be relevant evidence relating to the decision of that question, but absence of them is not controlling. On this proposition most of the cases are in agreement. Lewis v. Celebrezze, 4 Cir., 1966, 359 F.2d 398, 400 (dictum); Mullins v. Cohen, W.D.Va., 1969, 296 F.Supp. 260, 263 (similar); Evans v. Richardson, E.D.Cal.1973, CCH U.I.R. ¶ 17,024; Hernandez v. Richardson, N.D.Cal., 1973, CCH U.I.R. ¶ 17,-046; cf. Rosas v. Montgomery, 1970, 10 Cal.App.3d 77, 88 Cal.Rptr. 907.[1] Also in point is Marion v. Gardner, 8 Cir., 1966, 359 F.2d 175, in which Judge Blackmun, as he then was, found that "despite the apparent absence of any impairment other than his (sexually) deviant tendencies, (the applicant) meets the disability requirement of the statute." 359 F.2d 181. This decision was made in the face of a regulation of the Secretary, since repealed (former 20 C.F.R. § 404.1519(c)(2) ), which provided, with specific reference to sexual deviation and alcoholism:

> In the absence of an associated severe psychoneurosis or psychosis, a personality disorder does not in itself result in inability to engage in substantial gainful activity. . . .

Because the Hearing Examiner applied an improper legal standard to the evidence, the Secretary's decision cannot

---

1. Three decisions appear to be to the contrary: Thompson v. Flemming, D.Or., 1960, 188 F.Supp. 123; Mays v. Ribicoff, S.D.W. Va., 1962, 206 F.Supp. 170; and Echols v. Gardner, S.D.Tex., 1967, 276 F.Supp. 499. In Thompson and Echols, the court relied on another regulation, since repealed. They are thus not in point now. In Mays there was a determination that Mays could work. In so far as Mays can be read as holding that an alcoholic can never be found disabled because all that he need do is "stop alcohol," we think it wrong. Some alcoholics can stop; more cannot.

stand. Kovac v. I.N.S., 9 Cir., 1969, 407 F.2d 102, 104. We express no opinion as to what the ultimate decision in the case should be. There should be a new hearing, at which the proper standard will apply.

The judgment of the district court is reversed and the case is remanded with directions to vacate the Secretary's decision and to remand the case to the Secretary for a further hearing at which the proper legal standard will be applied.