**Edward J. GRAY, Plaintiff,**

v.

**Joseph B. CALIFANO, Jr., officially as Secretary of the Department of Health, Education and Welfare, Defendant.**

**Civ. No. 77–0293–GT.**

United States District Court,
S. D. California,
Fourth Division.

March 29, 1978.

Linda Haspel and Charles Wolfinger, Legal Aid Society of San Diego, Inc., Chula Vista, Cal., for plaintiff.

Donald F. Shanahan, Asst. U. S. Atty., San Diego, Cal., for defendant.

MEMORANDUM OPINION AND ORDER

GORDON THOMPSON, Jr., District Judge.

This is an action under the Social Security Act, 42 U.S.C. § 405(g), for review of a final decision of the Secretary of Health, Education and Welfare that plaintiff is not disabled within the meaning of the Social Security Act.

### CLAIM HISTORY

The plaintiff filed an application for social security disability insurance benefits on December 6, 1974. His application was denied initially and upon reconsideration by the Social Security Administration. He requested a hearing *de novo* before an administrative law judge, (hereinafter referred to as ALJ), and on October 26, 1976, the ALJ issued a decision affirming the denial of claimant's application. The ALJ's decision was affirmed by the Appeals Council on February 28, 1977.

Mr. Gray then filed this suit for judicial review of the Secretary's final decision, alleging that the Secretary failed to apply the proper legal standards in denying his

application and that his decision was not supported by substantial evidence. The main thrust of petitioner's attack is that the ALJ failed to fully inquire into and evaluate Mr. Gray's alcoholism by the proper legal standards. In addition, it is asserted that the ALJ improperly evaluated Mr. Gray's impairments separately instead of in combination.

## PROPER LEGAL STANDARDS

■ The Secretary generally asserts that there is substantial evidence to support his decision, and ignores claimant's argument that the ALJ applied improper legal standards. The Secretary is mistaken in assuming that judicial review of his decision is limited to a determination of whether substantial evidence supports his decision. It is well established that the Secretary's decisions are reviewable to determine whether the appropriate legal standard was applied. *Griffis v. Weinberger*, 509 F.2d 837 (9th Cir. 1975); *Denham v. Califano*, CCH Unemployment Ins. Rep. ¶ 15,419 at 2499–627, 628 (S.D.Cal.1977) (Neilsen, J.); *Bailey v. Secretary of HEW*, CCH Unemployment Ins. Rep. ¶ 14,774 at 2499–142, 144 (S.D.Cal. 1976) (Schwartz, C. J.).

■ Mr. Gray initially argues that the ALJ applied an improper disability standard in evaluating his claim by considering his impairments individually instead of in combination. The Secretary replies that "it is obvious from his decision that the administrative law judge considered all of plaintiff's alleged impairments both singly and in combination." But it is difficult to reach that conclusion after a careful reading of the decision:

> [T]he claimant's physical condition, other than his alcoholism, would clearly not prevent the claimant from engaging in light or sedentary work . . . (Tr. 10).

> His alcoholism being a voluntary and remediable condition, it is not considered an "impairment" within the meaning of the Act. (Tr. 10).

> His stating that he does not drive because of the possibility of disaster because of

his drinking is not a reason for not driving since he can, and should, stop excessive drinking. (Tr. 11).

These passages indicate that the ALJ isolated the claimant's alcoholism and considered it separately from rather than in combination with his other ailments. The failure of an ALJ to consider the combined effects of all a claimant's impairments constitutes cause for remand. *Cutler v. Weinberger*, 516 F.2d 1282, 1285 (2nd Cir. 1975); *Hicks v. Gardner*, 393 F.2d 299, 302 (4th Cir. 1968). Accordingly, a remand is necessary in this case.

■ Mr. Gray also asserts that the ALJ failed to fulfill his duty to fully and fairly inquire into and evaluate his alcoholism. An administrative hearing is a non-adversarial proceeding. *Richardson v. Perales*, 402 U.S. 389, 403, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1972). By regulation, the ALJ is required to inquire fully into the matters at issue. 20 C.F.R. § 404.927. His failure to adequately develop the record is an abuse of this duty and requires a remand. This is especially so when the claimant is not represented by counsel, which was the situation in this case. *Clemmons v. Weinberger*, 416 F.Supp. 623, 625 (W.D.Mo.1976).

■ The Ninth Circuit has recognized that chronic alcoholism alone can reach such severity that it can satisfy the general requirements of a disability under its statutory definition. *Griffis v. Weinberger, supra*, 509 F.2d at 838. Therefore, in assessing a disability claim based upon alcoholism, the ALJ must determine whether the claimant's alcoholism prevents him from engaging in his former jobs. *Evans v. Richardson*, CCH Unemployment Ins. Rep. ¶ 17,024 at 2499–456, 458 (E.D.Cal.1973). If it does, the ALJ must address the question of remediability in order to determine whether the claimant can control his drinking. In light of Mr. Gray's long history of alcoholism, the ALJ's inquiry into the severity and remediability of his drinking was inadequate.

The ALJ never asked Mr. Gray how much he drinks, when he drinks, or how often. He never asked to what extent his current

level of drinking affected his ability to do past jobs. He did not ask him what degree of pain and depression caused him to drink, although Mr. Gray had presented evidence that both were linked to his use of alcohol. Each of these questions involves an area relevant to evaluating the severity of Mr. Gray's alcohol disability.

■ In addition, the ALJ failed to properly address or evaluate the question of remediability. In the case of chronic alcoholism, the proper test is whether as a result of the claimant's specific addiction, he has lost the voluntary ability to control his use of alcohol, including the power to seek and use means of rehabilitation. *Adams v. Weinberger*, 548 F.2d 239, 245 (8th Cir. 1977); *Badicheck v. Secretary of HEW*, 374 F.Supp. 940, 943 (E.D.N.Y.1974). Although the ALJ cites *Badicheck*, he failed to ask any of the questions necessary to reach a decision concerning the remediability of Mr. Gray's chronic alcoholism. He asked nothing about Mr. Gray's unsuccessful attempts at treatment. Instead, he appears to have inferred a willful and deliberate intent to abandon treatment from Mr. Gray's failure to continue with the Veterans Administration programs. (Tr. 10). He also appears to have based his determination upon reports in the VA medical records, evincing the opinion that Mr. Gray was an uncooperative patient, and that he should find gainful employment. (Tr. 112–116, 118, 126).

Even accepting defendant's argument that these opinions constituted substantial evidence upon which to conclude that Mr. Gray's condition was remediable, that does not excuse any breach of duty the ALJ had to "inquire fully into the matters at issue . . . ." 20 C.F.R. § 404.927. The ALJ himself indicated that he thought the VA records were inadequate, (Tr. 39), and ordered a study by a consulting psychologist. Unfortunately, the psychologist's report is not helpful because it does not probe any of the pertinent areas of inquiry regarding the severity or remediability of Mr. Gray's alcoholism. It only discusses the lack of brain damage. This Circuit has held that organ damage is not a prerequisite for disability based on chronic alcoholism. *Griffis, supra*, 509 F.2d at 838.

■ The ALJ also appears to have improperly drawn the inference that Mr. Gray's alcohol problem was not significant because he had failed to mention it to the psychologist during his examination. The leading case on the issue of remediability of alcoholism held that a finding of no disability cannot rest upon the testimony of the claimant, an admitted chronic alcoholic, that his drinking presented no great problem. *Adams v. Weinberger, supra*, 548 F.2d at 245. The court felt that the claimant's testimony represented "the rationalizations of a sick individual who does not realize the extent of his illness." *Id.* Both sides here concede that Mr. Gray is a chronic alcoholic, therefore, his failure to raise his alcoholism problem during the psychological examination comes under the rule of *Adams*, and should be given little, if any, weight.

■ That leaves the VA medical reports as the only evidence upon which the ALJ could properly have relied in ruling against Mr. Gray's disability claim, records which the ALJ himself felt were inadequate. This is an insufficient basis for final resolution of whether Mr. Gray had the ability to solve his alcohol problem within the context of his particular illness. In evaluating a disability claim, the Secretary must conduct an individualized analysis since different people can react in markedly different ways to the same impairments. *Landess v. Weinberger*, 490 F.2d 1187 (8th Cir. 1974). Thus, the ALJ's decision, based as it is on such meager evidence, must be remanded so the Secretary can fully inquire into the severity and remediability of Mr. Gray's alcoholism. Furthermore, the Secretary can ensure that all of Mr. Gray's impairments are considered in combination.

## BURDEN OF PROOF

Since the court holds that a remand is in order, plaintiff's other arguments need only be discussed briefly.

First, Mr. Gray asserts that the ALJ improperly concluded that he was not disabled, because after he ruled that the plaintiff could not perform his former work as a commission salesman, Mr. Gray had established a *prima facie* case of disability. *Rosin v. Secretary of HEW*, 379 F.2d 189, 195 (9th Cir. 1967). The burden of proof then shifted to the Secretary to show that the claimant retained "residual capabilities for 'substantial gainful activity'." *Noe v. Weinberger*, 512 F.2d 588, 595 (6th Cir. 1975). The Secretary failed to carry this burden, it is urged, because he improperly concluded that Mr. Gray could perform other jobs without calling for testimony by a vocational expert. *Bailey v. Secretary of HEW*, CCH Unemployment Ins. Rep. ¶ 14,774 at 2499–142 (S.D.Cal.1976). The court, however, need not, indeed cannot, reach this issue because the ALJ's failure to develop the issues concerning the severity and remediability of Mr. Gray's chronic alcoholism, and his treatment of his impairments in isolation, precluded him from properly determining which jobs Mr. Gray could do.

## MAGISTRATE'S RECOMMENDATION

■ Finally, Mr. Gray objects to the recommendations of the Magistrate because he failed to set a hearing and oral arguments in this case as contemplated by 28 U.S.C. § 636(b) (1977 Supp.) and as required by General Order No. 219–A and Rule 6.2 of the Local Rules for United States Magistrates in the Southern District of California. In addition it is claimed that the Magistrate's conclusion that there is substantial evidence, without any further discussion or elucidation, is of no help to this court. *Day v. Weinberger*, 522 F.2d 1154, 1155 n.1 (9th Cir. 1976). This may be true, but the court perceives no error which has not been cured by this review. The Magistrate acts only as an agent of the District Court Judge. "The authority—and the responsibility—to make an informed, final determination, . . . remains with the judge." *Mathews v. Weber*, 423 U.S. 261, 271, 96 S.Ct. 549, 46 L. Ed.2d 483 (1976). The Magistrate's recommendation carries no presumptive weight. *Id.* "The district judge is free to

follow it or wholly to ignore it, or, if he is not satisfied, he may conduct the review in whole or in part anew." *Id.*

## INSTRUCTIONS ON REMAND

Therefore, the plaintiff's motion for a remand under 42 U.S.C. § 405(b) is granted. On remand, the Secretary should inquire fully into the severity and remediability of Mr. Gray's alcoholism, and make specific factual findings based on all of plaintiff's impairments in combination. If it is found that claimant is entitled to disability insurance, "continuing payment of those disability benefits may be conditioned upon claimant's undertaking reasonable efforts to treat his affliction." *Adams v. Weinberger, supra*, 548 F.2d at 245.

Accordingly, IT IS ORDERED that this cause be, and the same is, hereby remanded to the Secretary of Health, Education, and Welfare for further proceedings not inconsistent with this opinion.