Robert MARTIN, Plaintiff,

v.

Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant.

No. C–81–0295 SW.

United States District Court, N.D. California.

Feb. 23, 1982.

**200**

Judy D. Goldman, Santa Cruz, Cal., for plaintiff.

Joseph Russoniello, U.S. Atty., Deborah Seymour, Asst. U.S. Atty., Civ. Div., San Francisco, Cal., for defendant.

## ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR REMAND AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

SPENCER WILLIAMS, District Judge.

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), § 205(g) of the Social Security Act as amended, to obtain judicial review of a final decision of the Secretary of Health and Human Services denying his application for Supplemental Security Income benefits. Both parties have filed motions for summary judgment. Having carefully considered the arguments presented, this court concludes that the Secretary's decision was supported by substantial evidence. The decision of the Secretary is therefore affirmed.

### FACTUAL BACKGROUND

Plaintiff was born on June 27, 1938. He completed the eighth grade of school, after which he spent one to two years in a state delinquency school. He served three years for armed robbery in the Joliet State Penitentiary. Plaintiff has spent most of the last thirty years unemployed and involved with alcohol and drug usage. Plaintiff has lived on General Assistance since 1971 and he testified that he has mostly lived by what he called "hustling," which he defined as including stealing and other criminal activities. He has worked occasionally as a truck driver, ditch digger, dock worker, ranch laborer, and part-time at college where he attended classes in 1978.

Plaintiff filed an application for Supplemental Security Income benefits based on disability on May 2, 1979. Plaintiff alleged that he became unable to work in 1950 due to problems with his back, alcoholism, and drug addiction. Plaintiff's application was denied by the Social Security Administration, both initially and on reconsideration. The administrative law judge (ALJ), before whom the plaintiff and his attorney appeared, considered the case de novo, and on July 8, 1980 found that plaintiff was not under a disability. The ALJ's decision became the final decision of the Secretary of Health and Human Services when the Appeals Council approved that decision on November 26, 1980.

### STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), the jurisdiction of the court is limited to the question of whether the findings of the Secretary are supported by substantial evidence. *Hall v. Secretary of Health, Education, and Welfare,* 602 F.2d 1372, 1374 (9th Cir.1979). Applying this test, the court must uphold the Secretary's determination that plaintiff is not disabled for the purposes of receiving benefits if the findings are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). The court must look at the record as a whole and not merely the evidence tending to support a finding. *Cox v. Califano,* 587 F.2d 988, 990 (9th Cir.1978); *Walker v. Mathews,* 546 F.2d 814, 818 (9th Cir.1976).

■ In order for a claimant to qualify for disability insurance benefits, he must bear the initial burden of proving that he is disabled. *Rhinehart v. Finch,* 438 F.2d 920, 921 (9th Cir.1971); *Seitz v. Secretary of Social Security Administration,* 317 F.2d 743, 744 (9th Cir.1963). A disability is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A), § 223(d)(1)(A) of the Social Security Act.

## SUBSTANTIALITY OF THE EVIDENCE

■ Plaintiff contends that the ALJ's findings are not supported by substantial evidence because the Secretary did not rebut plaintiff's showing that his alcoholism was disabling, nor present evidence of specific jobs in the economy which he could perform. For reasons set out below, this court finds that there is sufficient evidence in the record to support the ALJ's finding that plaintiff was not disabled under the Act. Therefore, because plaintiff did not carry his burden of proof of presenting a prima facie case of disability, there was no need for the Secretary to present evidence of specific jobs in the economy that plaintiff could perform.

■ Plaintiff urges that a finding of disability is warranted by the reports of various psychiatric and medical doctors. Generally, where there is conflicting evidence sufficient to support either outcome in a social security disability case, the reviewing court must affirm the decision made. *Torske v. Richardson,* 484 F.2d 59, 60 (9th Cir.1973); *Harvey v. Richardson,* 451 F.2d 589, 590 (9th Cir.1971). In this case, it is doubtful whether the reports cited by plaintiff even support a different outcome, much less outweigh the evidence sustaining the Secretary's position, as plaintiff suggests.

The doctors, the plaintiff, the Secretary, and this court are in agreement that plaintiff suffers from alcoholism and its accompanying emotional and physical disorders, as well as some independent back and headache problems. However, where there is room for interpretation is whether plaintiff's alcoholism, physical ailments, and emotional problems render the plaintiff disabled. Dr. Keet's report states that plaintiff is "completely disabled from employment, primarily on a psychiatric basis, however, his multiple physical problems certainly contribute to this" (Tr. 159). However, Dr. Keet's opinion is outweighed by much evidence that takes a decidedly less serious view of Mr. Martin's ailments. Dr. Dickson's report states that plaintiff has "no adverse effects" from his history of alcoholism, but rather that plaintiff's problems are emotional in nature and "primarily related to adjustment of life" (Tr. 142). Dr. Fries' report states that plaintiff suffered from "the typical post-alcoholic disorder of depression, anxiety, apprehension, insomnia and irritability" (Tr. 99). Dr. Luikart found that plaintiff was not limited in any physical way. Even Dr. Keet stated that "with proper detoxification and psychiatric treatment [Mr. Martin] would probably be able to return to gainful employment" (Tr. 127).

This court emphasizes that it does not dispute that plaintiff has a long-standing alcoholic problem. However, to serve as a basis for disability, plaintiff must show severe functional limitations that preclude him from engaging in any substantial gainful activity. *Holguin v. Harris,* 480 F.Supp. 1171, 1179 (N.D.Cal.1979), *Waters v. Gardner,* 452 F.2d 855 (9th Cir.1971). There is substantial evidence in the record to support the ALJ's determination that the plaintiff has not shown that he has severe functional limitations.

■ Furthermore, this court does not dispute that chronic alcoholism can be a basis for disability under the Act. However, alcoholism is in many instances a curable disease, and its mere diagnosis is not synonymous with permanent disability. It is well settled that where an impairment reasonably can be remedied by treatment, it cannot serve as the basis for disability. *Hight v. Califano,* CCH UIR, Fed. para.

16,028 (N.D.Ga.1978); *see also Holguin v. Harris,* 480 F.Supp. 1171, 1179 (N.D.Cal. 1979). While alcoholism can constitute a disabling condition if it is severe enough, it is not disabling where plaintiff's alcohol abuse is not so deep-seated as to be irremediable or where the only bar to recovery is plaintiff's lack of motivation and cooperation. *Chunco v. Weinberger,* 405 F.Supp. 1159 (S.D.W.Va.1975). Here, plaintiff has not established that alcohol intake has so severely impaired physical or mental functions as to preclude plaintiff from engaging in any substantial gainful activity. Although the medical records disclose that the plaintiff has a history of alcoholism and drug abuse, the evidence does not show that he has lost the ability to control his drug or alcohol abuse. The record shows that the plaintiff has kept sober during certain periods and that he worked part-time at the college he attended in 1978 (Tr. 141). There were periods of time when the plaintiff was treated for alcoholism, but the medical records disclose that in mid-1979, he had refused to participate in Alcoholics Anonymous or other programs (Tr. 129–130). Notations in county agency medical records indicate that he did not seem very motivated to continue with therapy (Tr. 129). This willful failure to cooperate in treatment for alcoholism has a critical nexus to plaintiff's disability claim. ·See 20 C.F.R. 416.918 (1980).

Plaintiff contends that even if substantial evidence exists, the decision should be set aside and remanded for further proceedings because the Secretary applied incorrect standards in its initial decision, failed in its obligation to develop the facts fully, and failed in its obligation to provide a complete record of its proceedings. For reasons set out below, this court finds no merit in these allegations made by the plaintiff.

■ Plaintiff's assertion that the ALJ applied the incorrect alcoholism standard is without merit. The ALJ fully accepted the principle enunciated in *Griffis v. Weinberger,* 509 F.2d 837 (9th Cir.1975), but merely pointed out that the regulations referred to in that case are no longer applicable (Tr.

14). The controlling principle in *Griffis,* which remains completely valid, is that severe alcoholism alone may be disabling within the meaning of the Social Security Act. *Johnson v. Harris,* 625 F.2d 311, 313 (9th Cir.1980). The ALJ stated that there is more involved in determining whether alcoholism is disabling than was involved in the *Griffis* case. Other case law has established the separate principle that the critical issue in evaluating a claim for benefits based upon alcoholism is whether the claimant "has through his addiction to alcohol so far lost self control that he is impotent to seek and use means of rehabilitation..." *Adams v. Weinberger,* 548 F.2d 239, 245 (8th Cir.1977), quoting with approval *Badichek v. Secretary of HEW,* 374 F.Supp. 940, 942–943 (E.D.N.Y.1974); *see also Veal v. Califano,* 610 F.2d 495 (8th Cir.1979). It was this principle that the ALJ discussed in his decision (Tr. 14).

■ Plaintiff also contends that the Secretary failed to develop the facts fully by not recontacting its consulting physician after plaintiff asserted that the physician's recommendations were based on erroneous medical reports. This is not a timely argument because it was not raised before the Appeals Council. Even if it·were timely, it is at most, harmless error because the consulting physician's recommendations were based upon his examination of the plaintiff (Tr. 98–99).

Plaintiff's allegation that the Secretary failed in its obligation to provide a complete record of its proceedings is without merit because the ALJ understood the testimony at the hearing and responded accordingly. If any crucial testimony was missing from the transcript, plaintiff could have accepted the ALJ's invitation to add further testimony to the record.

Having scrutinized all of the evidence presented to the ALJ, the court concludes that the Secretary's decision that plaintiff is not disabled within the meaning of the Social Security Act is supported by substantial evidence.

Accordingly, IT IS HEREBY ORDERED that defendant's motion for summary judgment is GRANTED.

FURTHER ORDERED that plaintiff's motion for summary judgment is DENIED, and

FURTHER ORDERED that plaintiff's motion for remand is DENIED.