Edward M. HALL, Plaintiff,

v.

Otis R. BOWEN, Secretary of Health and Human Services, Defendant.

No. C-84-2932-WWS.

United States District Court, N.D. California.

Sept. 15, 1987.

Kim Malcheski, San Francisco, Cal., for plaintiff.

Sandra L. Willis, Asst. U.S. Atty., San Francisco, Cal., for defendant.

## MEMORANDUM OF OPINION AND ORDER

SCHWARZER, District Judge.

On August 12, 1987, plaintiff filed this motion for summary judgment, under 42 U.S.C. § 405(g), seeking disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act, for the period of May 1, 1982 to March 12, 1984.

### BACKGROUND OF THE CLAIM

Plaintiff filed applications for disability insurance and SSI benefits on June 23, 1982, alleging disability beginning May 1, 1982. These applications were denied administratively. Plaintiff then requested a hearing before an ALJ, which was held on July 18, 1983. On December 29, 1983, the ALJ who conducted the hearing issued a

decision finding plaintiff did not have impairments sufficiently severe to be considered disabling under the Social Security Act and regulations. This decision was affirmed by the Social Security Appeals Council on April 5, 1984, thereby becoming the final decision of the Secretary.

Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g). On February 11, 1985, this Court upheld the Secretary's final decision in a memorandum of opinion and order. *Hall v. Heckler*, 602 F.Supp. 1169 (N.D.Cal.1985).

On March 1, 1985, plaintiff appealed this decision to the Court of Appeals for the Ninth Circuit. On October 24, 1985, the Ninth Circuit found the regulations under which plaintiff's claim had been denied to be invalid. *Yuckert v. Bowen*, 774 F.2d 1365 (9th Cir.1985).[1] On January 3, 1986, the instant case was reversed and remanded with instructions that plaintiff's claim be re-evaluated without reference to the no severe impairment regulations held to be invalid in *Yuckert.*

Administrative hearings on remand were held on July 23, 1986 and again on November 12, 1986, at which plaintiff, his attorney and an independent medical advisor appeared. Plaintiff offered additional testimony and evidence at these hearings. The ALJ issued a recommended decision finding plaintiff disabled as of March 12, 1984, but not prior thereto (Tr. 179–188). This December 17, 1986 decision was adopted by the Appeals Council on June 11, 1987 (Tr. 174–175) and became the final decision of the Secretary.

Plaintiff's current motion asserts that the Appeals Council erred by adopting the ALJ's finding that claimant was not disabled prior to March 12, 1984, contrary to the medical evidence of record and the medical advisor's expert opinion. Plaintiff argues there is substantial evidence to show that he did not have an RFC (residual functional capacity) for medium work prior to March, 1984. Alternatively, plaintiff contends that both the ALJ and the Appeals Council erred by ignoring the disabling effects of his alcoholism. Plaintiff argues that the medical record shows the severity, chronic nature and uncontrollability of his alcoholism which rendered him totally disabled before 1984.

Additional evidence and testimony taken at the two hearings in 1986 provide substantial evidence that plaintiff's alcoholism was more severe than originally determined. At plaintiff's original hearing on July 17, 1983, he testified to drinking only a half pint of scotch every two days (Tr. 35), although his medical records on June 2, 1982 noted that he drank a fifth of whiskey a day, a much heavier drinking pattern. His records are replete with findings of ETOH (excessive alcohol) on June 2, June 7, June 21, and June 23, 1982, and July 10, 1982 (Tr. 49). Plaintiff was diagnosed as being affected with alcoholism by Dr. Bruce C. Thompson, a treating physician, on February 5, 1983 (Tr. 144–145).

During the July, 1986 hearing on remand from this Court, plaintiff stated that he had been drinking heavily since 1975. Prior to his beginning an AA program in May, 1986, he testified that he had been unable to stop drinking since the 1960's. He claimed to have been drinking a fifth of whiskey a day for the past five years (Tr. 220).

Dr. Malley, an internist (Tr. 245), appeared as an independent medical advisor at the November 1986 hearing. Dr. Malley opined that plaintiff could not have handled a job prior to 1984 due to his heavy alcohol consumption (Tr. 253). The ALJ on several occasions advised Dr. Malley to ignore the alcoholism issue in his evaluation (Tr. 251, 253, 254). Nevertheless, Dr. Malley testified that plaintiff's problem with alcohol had been prolonged and significant enough to possibly cause "brain deterioration" (Tr. 249 and 251).

DISCUSSION

The ALJ's decision is reviewable to determine whether substantial evidence supports it. *Miller v. Heckler*, 770 F.2d 845

---

1. The decision in *Yuckert* later was reversed and the validity of the regulations was upheld by the United States Supreme Court. *Bowen v. Yuc-* *kert,* —— U.S. ——, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987).

(9th Cir.1985). Moreover, a decision of the Secretary is also reviewable to determine whether the appropriate legal standard was applied. *Wiggins v. Schweiker*, 679 F.2d 1387 (11th Cir.1982); *Gray v. Califano*, 448 F.Supp. 1142 (S.D.Cal.1978); *Griffis v. Weinberger*, 509 F.2d 837 (9th Cir.1975).

■ The Ninth Circuit has recently held that alcoholism by itself may constitute a disability if the claimant has lost the ability to control his drinking. *Cooper v. Bowen*, 815 F.2d 557 (9th Cir.1987); *Johnson v. Harris*, 625 F.2d 311 (9th Cir.1980); *Griffis v. Weinberger*, 509 F.2d 837 (9th Cir.1975). The claimant must establish that he is a chronic alcoholic. *Cooper v. Bowen*, 815 F.2d at 560. The Secretary then must consider whether such a diagnosed alcoholic *can* control his or her drinking. *Id.* The Secretary, or the ALJ whose decision the Secretary adopts, must make a specific finding on the claimant's ability to control his or her drinking and its disabling effect. *Id.*

■ In the case at bar, no evidence was presented to show that plaintiff could control his alcohol consumption during the period in question. *Cooper v. Bowen*, 815 F.2d at 561. There was no rebuttal of plaintiff's testimony as to the duration and severity of his drinking. *Id.* Drinking a fifth of whiskey a day for over four years is a pattern of consumption that "merits further evidentiary attention." *Id.* (quoting *Stuart v. Califano*, 443 F.Supp. 842, 845 (W.D.Mo.1978).

The ALJ's conclusion that plaintiff had not lost his ability to control his alcohol consumption is not supported by any evidence in the record. Under *Cooper*, the appropriate inquiry is whether plaintiff was addicted to alcohol, had lost control of its use, and whether its use precluded his obtaining and maintaining employment during the period in question.

By directing Dr. Malley, the expert witness who was testifying regarding plaintiff's RFC, to ignore the claimant's alcoholism in response to questions as to claimant's capabilities to perform light or sedentary work, the ALJ failed to take that condition into consideration as required under *Cooper v. Bowen.*

■ In his recommended decision, the ALJ cited plaintiff's contention at the hearing that his alcoholism was not a problem. Because of alcoholics' propensity for downplaying the adverse effects of their drinking, such testimony should not be given undue weight in the face of medical evidence to the contrary. *Young v. Heckler*, 803 F.2d 963, 966 (9th Cir.1986). The ALJ did not have on record substantial evidence to support his finding that plaintiff's use of alcohol did not disable him from performing his prior relevant work or any other gainful activity.

In light of the additional testimony and evidence of plaintiff's alcoholism presented at the 1986 hearings and the recent Ninth Circuit ruling in *Cooper v. Bowen* establishing the proper legal standard to apply, the Court remands to the Secretary for a new hearing at which evidence may be presented on the issue of plaintiff's ability to control his drinking during this period in question.

■ On remand, the Secretary should also consider the option of conditioning any retroactive benefit on plaintiff's receiving treatment for his alcoholism. *Cooper v. Bowen*, 815 F.2d at 561. Given the nature of alcoholism, a large award may not help plaintiff if he spends the money on alcohol. *Id.* The Ninth Circuit has endorsed the conditioning of benefits approach and has further endorsed the paying of disability benefits to a representative payee rather than directly to the claimant, and this payee may be an institution treating the claimant. *Id; McShea v. Schweiker*, 700 F.2d 117, 120 (3rd Cir.1983).

IT IS SO ORDERED.