**Odell B. WHITE, Appellant,**

**v.**

**Anthony J. CELEBREZZE, Secretary, Department of Health, Education and Welfare, Social Security Administration, Washington, D. C., Appellee.**

**No. 10238.**

United States Court of Appeals
Fourth Circuit.

Argued March 7, 1966.

Decided April 6, 1966.

Erwin B. Nachman, Norfolk, Va. (Louis B. Fine, Norfolk, Va., on brief), for appellant.

Roger T. Williams, Asst. U. S. Atty. (C. V. Spratley, Jr., U. S. Atty., and Harold Gavaris, Asst. U. S. Atty., on brief), for appellee.

Before SOBELOFF, BRYAN and BELL, Circuit Judges.

SOBELOFF, Circuit Judge:

This is an appeal from the District Court for the Eastern District of Virginia in an action to determine the amount of widow's insurance benefits under the Social Security Act, 42 U.S.C.A. §§ 401–425 (1958). In her initial application for benefits, Mrs. White had produced her husband's income tax returns for 1951, 1952 and 1953. There was sufficient self-employment income in 1952 to give four quarters of coverage; and enough in the first quarter of 1953 to add a fifth.[1] However, the 1951 social security tax portion of the return showed only $249.36 of self-employment income, or less than the $100 per quarter needed to establish coverage.[2] Since there must be at least six quarters of coverage to qualify for benefits under the Act,[3] and since Mrs. White could show only five quarters, her application was denied by the Social Security Administration.

In order to establish a sixth quarter of coverage, Mrs. White requested that her husband's 1951 social security return be amended to reflect $2,756.67, labeled as "Notary fees filing reports," which had been reported for income tax purposes but not on the social security return. The hearing examiner and the Appeals Council refused this request. Later, in an action in the District Court for the Western District of Virginia,[4] District Judge Michie held that under section 205 (c) (5) (F)[5] the return could be so amended. However, since notary fees are excluded from the computation of social security self-employment income under the Act as earnings from "[t]he performance of the functions of a public office,"[6] Judge Michie remanded the case to the Secretary to determine what portion of the $2,756.67 should have been reported on the 1951 social security return.

There was no question that Mr. White was self-employed, and that his income came from small real estate dealings, and also from a bookkeeping and tax service, in the course of which he prepared tax returns and earned some notary fees. To establish how much of this income was attributable to notary fees in 1951, and therefore not to be included for social security purposes, Mrs. White submitted the affidavits of two former secretaries who had worked for her husband a total of twelve years. One stated that Mr. White's income from notary fees did not exceed $100 per year; the other estimated these fees at $10 per month. In addition, E. C. Beecham, who conducted a similar bookkeeping and tax service, testified that his [Beecham's] income from notary fees averaged less than $150 per year.

Following the submission of this evidence, the Appeals Council held that in the year 1951 Mr. White had "at least" $400 in net earnings from qualified self-employment. This credited him with four quarters of coverage in 1951, in addition to the five quarters previously established for the years 1952 and 1953, and made his wife eligible for widow's benefits. In computing the *amount* of recovery, however, the Council allotted only $400—the bare minimum needed to establish eligibility—to 1951 income. Implicit in this ruling was a finding that of the $2,756.67 reported as "Notary fees filing reports," only $150.64 was eligible income, and that the remaining $2,606.03 was from notary fees.

This finding is totally devoid of support, indeed it is refuted, in the record. Nowhere in the record is it suggested that Mr. White used his notarial office other than as an incident to his business of real estate and tax return

---

1. Mr. White died February 10, 1953.

2. 42 U.S.C.A. §§ 411(b) (2), 413(a) (2) (1958).

3. 42 U.S.C.A. § 414(a) (1958).

4. Apparently Mrs. White moved from the Western to the Eastern District of Virginia between the first action and the present case.

5. 42 U.S.C.A. § 405(c) (5) (F).

6. 42 U.S.C.A. § 411(c) (1).

preparation. This being true it is unreasonable to assume that income from this source constituted more than a small fraction of his total income from real estate and tax returns. Even if he notarized every deed and every tax return he prepared, the fees for the preparation of these papers are much greater than the nominal notarial fees. The affidavits presented to the Appeals Council established that the notary fees could not have exceeded $150, and the Government has nowhere suggested that any of the non-notary self-employment income was otherwise ineligible.

It is clear that when the case was remanded, the Appeals Council simply made up a figure that would give Mr. White the minimum $400 of eligible income needed to establish coverage and did not attempt to make a reasonable allocation of the total $2,756.67. Since there is no substantial evidence whatsoever in support of the administrative determination, it cannot stand. See Cyrus v. Celebrezze, 341 F.2d 192 (4th Cir. 1965); Thomas v. Celebrezze, 4 Cir., 331 F.2d 541 (1964).

The only rational inference from the record is that of the $2,756.67 total, no more than $150 should have been excluded in determining the 1951 income subject to social security tax.[7] True, the applicant in a social security case has the burden of establishing that the required conditions for eligibility are met. Carqueville v. Flemming, 263 F.2d 875, 877 (7th Cir. 1959). But the amended 1951 social security return, supplemented by the affidavits of Mr. White's former employees, clearly showed what the proper allocation of this sum should have been. See 42 U.S.C.A. § 405(c) (3).

Cf. Livingston v. Folsom, 234 F.2d 75 (3d Cir. 1956). Mrs. White has more than met her burden here and is entitled to the relief she seeks. The case will be remanded with directions to amend Mr. White's 1951 social security return by adding $2,606.67 to the eligible self-employment income.

Reversed.

---

7. Nor do we think that Mrs. White should in fairness be bound to the speculation in her initial application that the notary fees "at the most should not exceed one-third of the total amount reported." In the same application, she had asked for a one-third reduction in several other items which had been reported as business expenses. The use of the "one-third" figure was clearly intended only as a maximum, possibly in the hope of compromising the exact figure and dispensing with the delays incident to an exact determination. Following the initial application, however, the evidence has demonstrated conclusively that the notary fees were far less than one-third of the total and this is the only reasonable conclusion permitted by the record as a whole.