**354**

Goldie M. GILLOCK, Plaintiff,

v.

Elliott L. RICHARDSON, Secretary of
Health, Education, and Welfare,
Defendant.

Civ. A. No. W-4345.

United States District Court,
D. Kansas.

Dec. 14, 1970.

Dan W. Forker, Jr., of Hodge, Reynolds, Smith, Pierce & Forker, Hutchinson, Kan., for plaintiff.

Robert J. Roth, U. S. Atty., Richard Oxandale, Asst. U. S. Atty., Wichita, Kan., for defendant.

## MEMORANDUM AND ORDER ON MOTIONS FOR SUMMARY JUDGENT

WESLEY E. BROWN, District Judge.

Plaintiff Goldie M. Gillock brings this action to review the final decision of the Appeals Council of the Department of Health, Education and Welfare, denying her widow's disability benefits under Sections 202(e) and 223 of the Social Security Act as amended (42 U.S.C. §§ 402(e), 423. The decision of the Appeals Council reversed a decision of the Hearing Examiner who determined that Mrs. Gillock was entitled to such benefits.

Both parties have filed motions for summary judgment based upon a transcript of the entire record of proceedings relating to Mrs. Gillock's claim.

The record reveals that Mrs. Gillock filed application for disabled widow's benefits from September 23, 1968, alleging that she became disabled as of September, 1967 due to cancer of the cervix. This application was initially denied by the Social Security Administration on

the ground that her impairments were not of such severity as to meet the disability requirements of the law. A request for hearing was granted, and hearing was had on September 4, 1969, at which time the Examiner heard testimony from Mrs. Gillock and received in evidence numerous medical reports relating to her condition. This evidence indicates that Mrs. Gillock is a 55-year old widow, who lives in her own 6-room house with a young niece who assists her with housework. She has an eighth grade education and has had no specialized training or schooling. For short times between 1945 and 1959 she did some waitress work and worked in an alteration department in a local store. Since 1959 she has had no regular employment. For the past ten years she has helped at a recreation center teaching young children to sew. The first eight years was volunteer work, while the last two years she was paid $1.25 per hour for four hours a day. In 1967 she had cancer surgery and has not worked at the recreation center since that time because standing and bending over low tables at the center causes pain in her back and hips.

The medical evidence indicates that Mrs. Gillock has been periodically treated for syphillis since 1948. Hospital records indicated treatment in December 1951 for left ovarian abscess; a salpingooöphorectomy in December 1951; D & C surgery in October 1955; treatment for duodenal ulcers, March, 1961; removal of all teeth in January, 1963; cancer in cervix and vaginal hysterectomy, Sepember, 1967.

X-rays of the lumbosacral spine revealed that Mrs. Gillock has some degree of diminished density of the bones with several opacifications in the gluteal regions bilaterally, consistent with heavy metal medication in the past. X-rays showed loss of the interspace between L–2 and L–3 with some deformity of L–2. The report of Dr. Burger stated that she has chronic bronchitis with pulmonary emphysema, osteoporosis of the lumbosacral spine with some arthritis, old compression fracture of L–2, and latent lues. It was his opinion that she is unable to perform any work that requires bendng, stooping, twisting, or prolonged or strenuous activity.

Dr. John Fulton submitted a report of ventilation function studies made on February 4, 1969, finding that tests indicated a mild restrictive and obstructive defect compatible with mild chronic obstructive lung disease. He stated that she did not establish a good rhythm on the maximum breathing capacity, and he believed that she is capable of better values.

Dr. Wilbur Neal examined Mrs. Gillock on November 1S, 1968, and reported that she has some diminished hearing, chronic bronchitis, pulmonary emphysema, osteoporosis lumbosacral spine, compression fracture of L–2 vertebra, and latent lues. It was his opinion that her major disability at the present time is chronic bronchitis resulting from excessive use of cigarettes, and it was his view that she is capable of performing "light work that does not require lifting." All of the medical reports indicate that Mrs. Gillock has successfully recovered from cancer surgery.

Upon the basis of this evidence, the Examiner concluded that Mrs. Gillock's physical condition precluded her from working as a waitress or seamstress, that she was not qualified by experience or training to work at any job not requiring stooping, bending, or lifting, that it was difficult to visualize her as obtaining and following any type of gainful employment, and that under these circumstances he found that the combination of her impairments since September, 1967 were of such severity as to preclude her from engaging in any gainful activity and that she has been under a disability as defined by the Act since that date.

On December 17, 1969 Mrs. Gillock was informed that the Appeals Council, on its own motion, had decided to review the Examiner's decision, that additional evidence was necessary to fully evaluate

her condition, that such additional evidence from medical officers in the Bureau of Hearings and Appeals had been secured and included in the record. Copies of these two additional medical reports were submitted to Mrs. Gillock for examination and comment. In notes attached to copies of these reports, she corrected dates relating to surgery, contended that she was not a heavy smoker and that the bronchial condition was not a result of cigarettes. She also reiterated her contention that she is simply not able to work at any gainful activity.

On February 10, 1970, the Appeals Council reversed the decision of the Hearing Examiner, and found that Mrs. Gillock was not entitled to widow's disability benefits. In so ruling the Council noted that the Examiner had made no statement or findings as to whether Mrs. Gillock's impairments met or equaled severity requirements set out in Regulations applicable to widows' claims, that additional medical evidence procured by the Council indicated that such impairments were not within the definitions supplied by regulations, Regulations No. 4, §§ 404.1504, 404.1505, 20 C. F.R., and therefore she was not entitled to insurance benefits.

In order to determine whether or not the Secretary's decision is supported by substantial evidence, it should be noted that Congress has provided standards for widow's benefits which are different from those applicable to other persons applying for disability benefits. Thus, 42 U.S.C.A. § 423(d) (2) (B) defines the term "disability" for purposes of widow's benefits as follows:

"A widow, surviving divorced wife, or widower shall not be determined to be under a disability (for purposes of section 402(e) or (f) of this title) unless his or her physical or mental impairment or impairments *are of a level of severity which under regulations prescribed by the Secretary is deemed to be sufficient to preclude an individual from engaging in any gainful activity.*" [Emphasis supplied.]

Section 423(d) (3) of Title 42 provides:

"For purposes of this subsection, a 'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."

And § 423(d) (5) provides:

"An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Secretary may require."

Under § 423(d) (2) (B) it thus appears that the physical impairment necessary to a finding of disability is placed on a level of "severity" to be determined by the Secretary, by regulation, without regard to non-medical factors such as age, education, and work experience which are considered in other disabled worker cases, and which were considered by the Hearing Examiner in this instance. The intent of Congress is clear from the legislative history found in Senate Report No. 744, 90th Congress, 1st Session, U.S.Code Cong. & Admin.News, 1967, p. 2834, at p. 2883:

"The bill would also provide benefits * * * for certain disabled widows * * * and disabled dependent widowers under a test of disability that is somewhat more restrictive than that for disabled workers and childhood disability beneficiaries. *The determination of disability in the case of a widow or widower* would be based solely on the level *of severity of the impairment. Determinations in disabled widow and widower cases would be made without regard to nonmedical factors such as age, education, and work experience, which are considered in disabled worker cases. Under this test, the Secretary of Health, Education, and Welfare would by regulation establish the severity of impairment which may be deemed to preclude an individual from engaging in any 'substantial gainful activity'* * * *. An individual whose im-

pairments meet the level of severity established by the regulations of the Secretary would generally be found to be disabled, although, of course, if other evidence establishes ability to engage in substantial gainful activity despite such impairments, he would not be found disabled; *and individuals whose impairments do not meet this level of severity may not in any case be found disabled.*" [Emphasis supplied.]

Under authority of the statute, the Secretary has adopted Regulations for purposes of evaluating claimed disabilities which are found in 20 C.F.R. §§ 404.1504, 404.1505, 404.156. These regulations state that a widow shall be determined disabled only if her impairments are listed in a certain Appendix to the Regulations, or are medically the equivalent of a listed impairment. Generally speaking, this Appendix is a detailed listing in thirteen sections devoted to specific bodily functions, types of tests and results and other documentation necessary to result in "disability".

▮ None of the findings of medical reports submitted by Mrs. Gillock were related to the "levels of severity" set out in the Secretary's regulations and standards set out in the Appendix. The Hearing Examiner made no reference to these administrative regulations, but based his decision upon Mrs. Gillock's age, education and work experience, combined with her physical condition, finding that it would be unlikely that she would be able to obtain any gainful employment.

In reviewing this decision on its own motion, the Appeals Council obtained two written medical opinions from Washington, D. C. doctors. They reported that Mrs. Gillock "does not meet or equal the medical listings" (Dr. Herman) and that "based on the evidence demonstrable by medically acceptable clinical and laboratory diagnostic techniques, it has not been shown that the claimant suffers from an impairment or impairments that singly or in combination meet or equal in severity and duration the attendant findings of any listed impairment in the Appendix to Subpart P of Social Security Regulations No. 4." (Dr. Martinez). These reports were based upon a review of the written findings of doctors who examined Mrs. Gillock.

The Court could well agree with the Examiner's comment that it is difficult to visualize Mrs. Gillock in any situation of gainful employment, but this, of course, is not the test. Congress has given the Secretary full authority to govern the issue by regulation. The regulations here in question were recently found to be a valid implementation of § 423(d) (2) (B), Title 42, supra. See Zanoviak v. Finch (W.D. Pa. 1970) 314 F.Supp. 1152, 1156, and *cf.* Hendrix v. Finch (D.C.S.C.1970) 310 F.Supp. 513, 515–517; Frasier v. Finch (N.D. Ala. 1970) 313 F.Supp. 160.

In view of the foregoing, the Court finds that the decision of the Appeals Council is supported by substantial evidence, and that under such circumstance plaintiff's motion for summary judgment should be overruled, and the motion of Secretary Richardson should be sustained. Accordingly,

It is ordered that the Motion of Elliott L. Richardson, Secretary of Health, Education and Welfare for Summary Judgment be, and it is hereby Sustained; and that the Motion of Goldie M. Gillock for Summary Judgment be and it is hereby Overruled. Judgment shall be entered in favor of Elliott L. Richardson, Secretary of Health, Education, and Welfare, affirming the decision of the Appeals Council of the Department of Health, Education and Welfare.