**Pansy SELLARS, Appellant,**

**v.**

**SECRETARY, DEPARTMENT OF HEALTH, EDUCATION AND WELFARE, Appellee.**

**No. 71–1535.**

United States Court of Appeals, Eighth Circuit.

Submitted April 10, 1972.

Decided April 17, 1972.

---

John W. Reid, II, Fredericktown, Mo., for appellant.

Eloise E. Davies, Dept. of Justice, Washington, D. C., L. Patrick Gray, III, Asst. Atty. Gen., Daniel Bartlett, Jr., U. S. Atty., Kathryn H. Baldwin, Atty., Dept. of Justice, Washington, D. C., for appellee.

Before Mr. Justice CLARK,* and VOGEL and LAY, Circuit Judges.

PER CURIAM.

This is an appeal by the claimant Pansy Sellars from a denial of a claim for disability insurance benefits under the provisions of Sections 216(i) and 223 of the Social Security Act as amended. 42 U.S.C. §§ 416(i) and 423. After the application was initially disallowed, a request for hearing was filed and testimony taken on February 11, 1970, at Poplar Bluff, Missouri. The hearing examiner found that the claimant's evidence failed to establish the existence of any disability that would prevent claimant from engaging in substantial gainful activity at her customary occupation for a continuous period of twelve months at any time in the period in question. It is undisputed that the claimant last met the special earnings requirement of the Social Security Act on September 30, 1967. The sole issue, as stated by the examiner, is whether or not the claimant was disabled under the Act prior to September 30, 1967. Claimant alleged that she had been unable to work since June 16, 1965, because of "scirrhous adenocarcinoma, mastectomy" (amputation of the right breast due to a hard malignant tumor).

Upon denial of benefits by the examiner and affirmance by the Appeals Council of the examiner's adverse decision, the claimant filed an action in the United States District Court for the Eastern District of Missouri. The district court, 331 F.Supp. 1103, held there existed substantial evidence on the record upon which the Secretary could reasonably find that the claimant had not sustained her burden of establishing that she was disabled before September 30, 1967. Judgment was entered against the claimant and this appeal followed. We reverse and remand with directions.

■ The Secretary of Health, Education and Welfare has adopted regulations governing procedures for holding hearings on a claim of disability:

"The hearing examiner shall inquire *fully* into the matters at issue and shall receive in evidence the testimony of witnesses and any documents which are relevant and material to such matters. . . . [T]he procedure at the hearing generally . . . shall be in the discretion of the hearing examiner and of such nature as to afford the parties a *reasonable opportu-*

* The Honorable Tom C. Clark, Retired Associate Justice of the Supreme Court of the United States, sitting by special designation.

*nity* for a *fair* hearing." 20 CFR § 404.927. (Emphasis ours.)

The essence of the examiner's duty under the Act, as required by this regulation, is that he *fully* and *fairly* develop the facts. See Richardson v. Perales, 402 U.S. 389, 410, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

In the instant case claimant appeared without counsel, and although the hearing examiner was fully informed as to the issue before him, to-wit, that the evidence must establish that the claimant was under a disability (as defined in the Act) beginning on or before September 30, 1967, for entitlement of Social Security benefits, he failed to fully develop the facts concerning this issue. In conducting the examination of the claimant the examiner did not at any time inquire of the claimant as to her disability prior to September 30, 1967. His interrogation of the claimant centered around the following question: "Let me ask you this: Right now, what do you notice about yourself? What's bothering you?" Claimant was not questioned as to her condition during the period of coverage.

The evidence showed that the claimant's physician who treated her for the 1965 operation was deceased. The medical testimony the claimant offered related to two physical examinations made in January and December of 1969. One of the examining doctors, Dr. Augustin V. Paredes, found at that time that the claimant was totally incapacitated and permanently disabled. There is no statement by either of the physicians whether her total disability existed prior to September 30, 1967. The examiner denied disability benefits on the basis that the claimant had failed to sustain her burden of proof in showing that her "present disability" existed prior to September 1967. The testimony of claimant's husband and two lay witnesses was that the claimant had been totally disabled prior to September 30, 1967, following the 1965 surgery. No contradiction of these facts appears in the record.

It is well settled that a party asserting a claim for disability payments has the burden of proving that claim. White v. Celebrezze, 359 F.2d 138, 140 (4 Cir. 1966); Martin v. Richardson, 325 F.Supp. 686 (D.C.Va.1971). However, it is the view of this court that the examiner has the responsibility of inquiring into the claims asserted by the claimant in a manner that will *fully* and *fairly* develop the facts of the case. In the instant case, as mentioned, the examiner did not give the claimant an opportunity to describe her condition during the critical period of time. His inquiry of her was limited to her present condition only. The medical reports are not helpful since they are silent as to the duration of the claimant's disability. It may be that upon remand medical testimony or reports will be able to reflect with some degree of medical certainty how long claimant has been disabled. The record is undisputed that at the time of the 1969 medical examination and the 1970 hearing the claimant was totally disabled. It should be a simple process for the claimant, who is now represented by competent counsel, to fully develop medical opinion as to whether or not she was actually disabled during the critical period at issue. Reports and testimony regarding the history and extent of the surgery, as well as the result and symptomatology can serve as a competent basis for these opinions. Once all of the facts are known and set forth on a record that is fully and fairly developed, the examiner and Appeals Council and the district court can properly review the evidence to determine whether or not the claimant has established her case.

Cause is remanded to the district court with directions to remand the same to the Secretary of Health, Education and Welfare for a further hearing.

Reversed and remanded.