**Lucy R. WHITTLE, Plaintiff,**

**v.**

**Caspar WEINBERGER, Secretary of Health, Education, and Welfare, Defendant.**

**No. 73 CV 96 C.**

United States District Court, W. D. Missouri, ·W. D.

Sept. 18, 1975.

John O. Bond, Jefferson City, Mo., for plaintiff.

Bert C. Hurn, U. S. Atty., Kansas City, Mo., for defendant.

## MEMORANDUM AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND REMANDING CAUSE TO THE SECRETARY FOR FURTHER ADMINISTRATIVE ACTION

ELMO B. HUNTER, District Judge.

This is an action brought pursuant to the provisions of 42 U.S.C. § 405(g) for review of a final decision of the Secretary of Health, Education, and Welfare denying plaintiff Whittle's application for disabled widow's insurance benefits under 42 U.S.C. § 402(e).

Claimant filed an application on October 13, 1971, seeking disabled widow's benefits under the provisions of 42 U.S. C. § 402(e)(1)(B)(ii) and § 423(d) and based upon the wage record of her husband who died March 24, 1971. After initial consideration, the Secretary denied the benefits on December 6, 1971, and following reconsideration again denied benefits on March 21, 1972. Upon her timely request, plaintiff was afforded a hearing before an administrative law judge who subsequently filed a decision adverse to the claimant on February 15, 1973. That decision was affirmed by the Appeals Council on May 24, 1973. The claimant then filed this action and the matter is now before the Court on defendant's motion for summary judgment.

The sole issue for the Court's consideration is whether there is substantial evidence in the record to support the Secretary's decision that claimant does not suffer a "disability" as defined in the Social Security Act. Plaintiff's position, of course, is that she is disabled within the meaning of the Act and that the decision denying her benefits is not supported by substantial evidence. There is no dispute that Mrs. Whittle has met all other requirements for widow's insurance benefits under § 402(e).

For reasons discussed below, the Court has concluded that the decision denying benefits must be reversed and the cause remanded to the Secretary for further evidentiary proceedings.

## APPLICABLE STATUTES AND REGULATIONS

The term "disability" is defined in § 423(d) of the Social Security Act as:

(1) . . .

(A) Inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months; or

\*　　\*　　\*　　\*　　\*　　\*

(2) For purposes of paragraph (1)(A)—

(B) A widow . . . shall not be determined to be under a disability (for purposes of section 402(e) or (f) of this title) unless his or her physical or mental impairment or impairments are of a level of severity which under regulations prescribed by the Secretary is deemed to be sufficient to preclude an individual from engaging in any gainful activity.

(3) For purposes of this subsection, a 'physical or mental impairment' is an impairment that results from anatom-

ical, physiological, or psychological abnormalities which are demonstrable by medically accepted clinical and laboratory diagnostic techniques.

The regulations authorized by § 423(d)(2)(B) and prescribed by the Secretary are found in 20 C.F.R. and provide in pertinent part:

§ 404.1501 *Disability defined.*

(a) For disability benefits—(1) Benefits for months after August 1965. Disability means:

\* \* \* \* \* \*

(iii) For purposes of determining entitlement to widow's or widower's insurance benefits (based on the widow's or widower's disability) under section (402(e) or (f)) of the Act, respectively, for months after January 1968, the existence of a medically determinable physical or mental impairment or impairments expected to result in death or which have lasted or can be expected to last for a continuous period of not less than 12 months and a level of severity deemed (pursuant to § 404.1504) sufficient to preclude an individual from engaging in any gainful activity.

§ 404.1504 *Evaluation of disability.*

A widow or widower shall, for purposes of section (402(e) or (f)) of the Act, be determined to be under a disability only if, in the absence of evidence that he or she is engaged in substantial gainful activity—

(a) His or her impairment or impairments meet the duration requirement in § 404.1501 and are listed in the appendix to this subpart; or

(b) His or her impairment or impairments are not listed in the appendix to this subpart, but singly or in combination meet the duration requirement in § 404.1501 and are determined by the Secretary to be medically the equivalent of a listed impairment.

\* \* \* \* \* \*

§ 404.1505 *Determining medical equivalence.*

(a) An individual's impairment or impairments shall be determined to be medically the equivalent of an impairment listed in the appendix to this Subpart P, only if the medical findings with respect thereto are at least equivalent in severity and duration to the listed findings of the listed impairment.

(b) Any decision made under . . . § 404.1504 . . . as to whether an individual's impairment or impairments are medically the equivalent of an impairment listed in the appendix to this Subpart P, shall be based on medical evidence demonstrated by medically acceptable clinical and laboratory diagnostic techniques including a medical judgment furnished by one or more physicians designated by the Secretary, relative to the question of medical equivalence. A 'physician designated by the Secretary' shall include a physician in the employ of or engaged for this purpose by the Administration . . . or a State agency authorized to make determinations of disability.

## EVIDENCE BEFORE THE ADMINISTRATIVE LAW JUDGE

At the hearing on November 2, 1972, plaintiff Whittle appeared without counsel and testified to the following. Claimant was born February 1, 1915 and married the wage earner, George Whittle, on December 8, 1948. Since her husband's death on March 24, 1971, Mrs. Whittle has continued to live on their 40 acre farm in Henley, Missouri with a son who was discharged from the Navy in February, 1971 and who has since been unemployed. Other than for a few chickens, plaintiff and her son do not raise livestock or grow crops on the farm. Mrs. Whittle's sole support at the time of the hearing consisted of $70 per month plus food commodities, both of which she receives from state welfare. Plaintiff stated that she has only a sev-

enth grade education and was last employed in 1947 by an envelope manufacturing company to operate an envelope-making machine. Previously to that she worked "most of her life" in a shoe factory.

Mrs. Whittle claims that her disability began in 1967 and is attributable to the "after-effects of gallbladder surgery". She testified that since that surgery she has been "going down" which she explained to mean that she tires easily and ". . . I can't stand on my feet too long at a time. Seems like—it just feels like my stomach wants to fall out." The plaintiff related that she also has had varicose veins for which she is to wear support or surgical hose. Although the varicose veins "do not bother (her) as much as they used to," she continues to wear corrective hose when she can afford to buy them. Plaintiff also complained of lower stomach pains which have bothered her since an operation in February of 1972 for repair of a hernia and for what she claimed was removal of a "growth". The pains occur "pert' near all the time real easy and once in awhile, I get a real hard one." Mrs. Whittle also testified that she is under doctor's orders to diet since she is 5'3" in height but weighs approximately 190 pounds.

In relation to her daily activities, Mrs. Whittle testified that she spends much of her time reading or watching television. She does engage in a limited amount of cooking and cleaning and cares for her own personal needs. Plaintiff concluded her testimony by stating, "I know I just can't work like I want to. Wish I could but I can't."

The only other witnesses appearing at the hearing were Gertrude Workman, plaintiff's sister, and Vickie Morff, plaintiff's daughter. Each testified only briefly, but in sum their testimony was that Mrs. Whittle is so afflicted with physical ailments that she cannot work.

The medical evidence which was before the administrative law judge and now part of the record is all documentary. At best, it can be described as sketchy. A medical report under date of September 9, 1971 prepared by L. E. Giffen, D.O., plaintiff's personal physician, and submitted to the Cole County office of the Missouri Division of Welfare describes the plaintiff as 5'4" in height and 193 pounds in weight with a blood pressure of 190/90. Claimant was diagnosed as having thrombophlebitis, phlebothrombosis, multiple superficial venous varicosities, exogenous obesity, and internal hemorrhoids.

Additionally, the report indicates the plaintiff had at that time mild arthritis and an incisional hernia. The doctor also reported the presence of a post-cholecystectomy (gallbladder removal) scar. In a summary statement, Dr. Giffen explained, "Patient has no serious single illness but a multiplicity of organic conditions which would keep her from being gainfully employed. I do not believe that she is apt to improve to any great extent." The report was unaccompanied by any X-ray data, EKG data, or other laboratory findings.

In a subsequent report prepared for the Social Security Administration on August 11, 1972, Dr. Giffen noted that he had first seen Mrs. Whittle on May 7, 1967 and had last seen her on August 10, 1972. Under a section entitled "Physical Findings" Dr. Giffen states:

> This patient has a combination of factors which are disabling. She has diverticulosis and diverticulitis. She has been confirmed by X-ray and she has symptoms certainly compatible with this. She is rather obese and under treatment of hypertension and arteriosclerotic heart disease at the present time. This, plus her age, would make gainful employment extremely difficult, if not impossible. In addition to these, I almost forgot that she does have occasional bouts of gouty arthritis and hypertrophic arthritis with rather acute joint symptoms.

Accompanying this report was a hospital summary prepared by Dr. Giffen at the

time Mrs. Whittle had exploratory surgery in February, 1972. The discharge diagnosis in that summary was of diverticulitis, diverticulosis, ventral hernia (which was repaired during surgery), and exogenous obesity.

The only additional medical evidence submitted for Mrs. Whittle was a letter from Dr. Giffen dated November 1, 1972 and apparently directed to the Social Security Administration. In that letter, Dr. Giffen states:

> Lucille Whittle has been under my care for a number of years. Her prior surgeries include a cholecystectomy and an anterior and posterior colphorrophy. She has a long history of hypertension, exogenous obesity, early ASHD, fibrocytis, diverticulosis, diverticulitis, and arthritis.
>
> Taken as a group, with her limited education, I do not think she can be gainfully employed.

A final matter of medical evidence in the record is a Social Security report entitled "Disability Determination and Transmittal" and signed by Royal S. Garner, M.D.[1] on November 2, 1971. Basing his determination on the medical report submitted by Dr. Giffen on September 9, 1971 to the Missouri Division of Welfare, Dr. Garner concluded that "the claimant's impairment does not meet or equal the level of severity described in the listing of impairments Appendix to Sub-part P of Regulation # 4."

## DECISION OF THE ADMINISTRATIVE LAW JUDGE

The administrative law judge found first that none of plaintiff's medical conditions when singly considered equal the severity requirements for impairments listed in the appendix to Subpart P of the Secretary's regulations. With regard to the question of whether plaintiff's conditions or impairments are medically the equivalent of a listed impairment, the law judge relied on the November 2, 1971 determination prepared for the Social Security Administration by Dr. Garner and accordingly found that Mrs. Whittle's impairments were not medically equivalent to an impairment or impairments listed in the Secretary's regulations. In conclusion, the administrative law judge stated:

> Based on all of the evidence of record, it is the finding of the undersigned that the evidence does not substantiate a finding that claimant's impairments either singly or in combination, are of a level of severity prescribed by the Secretary in his Regulations and hence, are not sufficient to preclude the claimant from engaging in any gainful work activity and that they cannot be expected to result in death or to have lasted for a continuous period of not less than 12 months.

## REASONS FOR REMAND

The scope of the Court's review of the Secretary's findings is defined by 42 U.S.C. § 405(g):

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. The findings of the Secretary as to any fact, if supported by substantial evidence shall be conclusive, . . .

Substantial evidence within the meaning of 42 U.S.C. § 405(g) is more than a mere scintilla of evidence; it is such evidence that a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1970); *Yawitz v. Weinberger,* 498 F.2d 956, 957 (8th Cir. 1974). Well established law

---

[1]. Although Dr. Garner's position is not identified in his report and determination, the administrative law judge states in his decision that Dr. Garner is a physician employed by a state agency authorized to make disability determinations as required by the Secretary pursuant to 20 C.F.R. § 404.1505(b).

requires that a claimant bear the burden of establishing his claim. See e. g., *Celebreeze v. Bolas,* 316 F.2d 498, 500 (8th Cir. 1963); *Landess v. Weinberger,* 490 F.2d 1187 (8th Cir. 1974). Here plaintiff's testimony and the testimony of her sister and daughter was to the effect that she is disabled and cannot be gainfully active; however, that testimony alone is insufficient evidence to prove her claim. There must be medical evidence corroborating her disability. *Landess v. Weinberger, supra* at 1189.

■ Although the reports and letters from Mrs. Whittle's physician do establish that Mrs. Whittle suffers from a combination of physical problems, they do not establish that her impairments *alone* preclude her from any gainful activity. Rather, Dr. Giffen concluded, as stated in his report of August 11, 1972 and letter of November 1, 1972, that plaintiff's impairments "plus her age" and "with her limited education" prevent her from engaging in any gainful activity. Whereas Congress has allowed in 42 U.S.C. § 423(d)(2)(A) *for consideration of a wage earner's age, education, and work experience in determining if he is "disabled" and thus entitled to wage-earner disability benefits; it has not provided in § 423(d)(2)(B) for a like consideration of a widow's age, education, etc. when making the determination of whether she is "disabled" and thus entitled to widow's disability benefits under § 402(e). *Gillock v. Richardson,* 322 F.Supp. 354, 356 (D. Kans.1970). Because the medical evidence, including Dr. Giffen's assessment and opinion as to the extent of plaintiff's impairments, does not establish on the present record that Mrs. Whittle is disabled and thus precluded from engaging in any gainful activity absent consideration of her age and education, the Court must conclude that claimant has not sustained her burden of proof.

■ Even though plaintiff has not sustained her burden of proof on the present record, she is entitled to have the matter of her claimed disability more fully developed. Especially where, as here, a claimant appears without counsel, an administrative law judge has a duty to fully and fairly develop the matters at issue even though he is acting as an adjudicator. *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420 (1971), *Landess v. Weinberger, supra* at 1189, *Sellars v. Secretary,* 458 F.2d 984 (8th Cir. 1972). *Landess v. Weinberger, supra,* teaches that written reports from a claimant's physicians,

> . . . seldom provide a medical witness the opportunity to fully develop the overall physical or mental condition of a claimant and therefore the evidence is sometimes cryptic and without sufficient detail or opinion for a trier of fact to be able to reach a fair conclusion.

*Landess v. Weinberger, supra* at 1189.

Because the examiner has not fully developed the evidence, the Secretary has the duty to reopen the present claim until the evidence is clear enough to make a fair determination of the question of disability.[1] *Sellars v. Secretary, supra* at 986.

In the present case, the administrative law judge relied on the November 2, 1971 disability determination of Dr. Garner to find that plaintiff's impairments are not medically the equivalent of an impairment or impairments listed in the Secretary's regulations. However, this Court must conclude that Dr. Garner's determination deserves little value in the overall evaluation of plaintiff's claim.

First, Dr. Garner's determination was made in November of 1971 and was based solely on Dr. Giffen's report of September 9, 1971 which did not contain

---

1. It has been suggested that the Secretary perhaps should submit interrogatories to examining physicians. *Landess v. Weinberger, supra* at 1189, n. 2. Whether or not such an approach should be utilized in the present case on remand is not decided here.

any reference to plaintiff's apparently presently existing conditions of diverticulosis, diverticulitis, hypertension, and heart disease which are listed in Dr. Giffen's subsequent reports in 1972. Since Mrs. Whittle's later problems were not taken into account by Dr. Garner, it can hardly be said that his determination that Mrs. Whittle is not disabled is currently accurate.

Secondly, Dr. Garner's determination in 1971 was not based on a personal examination of the claimant. The Court in the Landess decision, *supra*, expressed a negative view as to the practice of Social Security medical advisers rendering a determination of nondisability without an actual physical examination of the individual claimant.

> We think these written reports (from Social Security medical advisers), without personal examination of the claimant, deserve little weight in the overall evaluation of disability. The advisers' assessment of what other doctors find is hardly a basis for competent evaluation without a personal examination of the claimant.
>
> \* \* \* \* \* \*
>
> To attempt to evaluate disability without personal examination of the individual and without evaluation of the disability as it relates to the particular person is medical sophistry at its best.

*Landess v. Weinberger, supra* at 1190.

In light of the fact that Dr. Garner's determination that Mrs. Whittle has no disability within the meaning of the Act was made without personal examination of the plaintiff and without consideration of her various physical impairments made known in Dr. Giffen's reports of August and November of 1972, that determination can be afforded little, if any, weight in evaluating plaintiff's claim. Without that determination, there is not substantial evidence in the record to find that Mrs. Whittle's impairments are not medically equivalent to an impairment listed in the Secretary's regulations.

In summary, the Secretary's decision denying benefits to the plaintiff is not supported by substantial evidence and the claim must be reopened in order to fully develop the medical evidence. There should be a new determination by a medical adviser appraised of the plaintiff's present impairments and based upon a personal examination of the claimant. In this regard the Court notes that the Secretary's regulations, 20 C.F.R. § 404.1527 provide for medical examinations of a claimant at Administration expense and upon reasonable notice to the individual.

For the reasons stated, and under the provisions of the Social Security Act, as amended, 42 U.S.C. § 405(g), it is hereby

Ordered that the Secretary's motion for summary judgment be and hereby is denied and the Secretary's decision denying plaintiff widow's disability benefits be and hereby is reversed. It is further

Ordered that the case is remanded to the Secretary in accordance with 42 U. S.C. § 405(g) for the taking of additional evidence and other administrative action not inconsistent with this Order.